## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: _____

JOHN DOE[1],

      Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A**,

      Defendants.

_____/

## COMPLAINT

Plaintiff, ███████████, hereby brings this design patent infringement action against Defendants, THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A (collectively "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.    This action is for patent infringement arising under the patent law of the United States, 35 U.S.C. § 101, et seq., including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

2.    Plaintiff files this action to combat foreign design patent infringers who trade upon Plaintiff's invention, reputation, and goodwill by selling and/or offering for sale unlicensed products, namely ███████████ ("Infringing Products"). Defendants operate several e-commerce storefronts (the "Seller Aliases") intended to appear as if they are selling genuine products, while actually selling Infringing Products to unsuspecting consumers. The Seller Aliases

---

[1] Plaintiff is concurrently herewith filing a Motion to Temporarily Proceed Under a Pseudonym.

share unique identifiers, such as similar product images and specifications, advertising, design elements, and similarities of the Infringing Products themselves, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of Plaintiff's patented design, as well as to protect innocent consumers from purchasing Infringing Products on e-commerce platforms. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## SUBJECT MATTER JURISDICTION

3.       This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

## PERSONAL JURISDICTION

4.       Defendants are subject to personal jurisdiction pursuant to Florida's long-arm statute (specifically Fla. Stat. §48.193(1)(a)(2)), and alternatively pursuant to Fed. R. Civ. P. 4(k)(1)(A) or 4(k)(2).

5.       "In determining whether jurisdiction can be established under tortious conduct provisions of a state long-arm statute, courts have held that patent infringement constitutes a tortious act for the purposes of establishing personal jurisdiction." *Elite Aluminum Corp. v. Trout*, 451 F.Supp.2d 1311, 1314 (S.D. Fla. 2006). Upon information and belief, Defendants are infringing

on Plaintiff's patent by soliciting sales of Infringing Products, and selling and delivering Infringing Products to residents of this District by use of their e-commerce storefronts which are accessible by, and have been accessed by, residents of this District.[2]

6.      Defendants' contacts with the State of Florida and this District are such that the Court may exercise specific or general personal jurisdiction over the Defendants. Namely:

a)      Defendants, upon information and belief, maintain substantial or continuous and systematic contacts with this District by soliciting sales, selling, and delivering Infringing Products to residents of this District by use of their e-commerce storefronts which are accessible by, and have been accessed by, residents of this District; and

b)      Defendants, upon information and belief, purposefully direct their e-commerce storefronts to this District including by soliciting sales, selling, and delivering Infringing Products to residents of this District by use of their e-commerce storefronts which are accessible by, and have been accessed by, residents of this District, such that Defendants should reasonably anticipate being haled into court in this District.

7.      Plaintiff has suffered substantial injury in the State of Florida and this District as a result of Defendants' solicitations, sales, and deliveries of Infringing Products. *Elite Aluminum*, 451 F.Supp.2d at 1314 ("With respect to the resulting injury, the Court of Appeals for the Federal Circuit has explained that the site of the injury in a patent infringement action is the location 'at which the infringing activity directly impacts on the interests of the patentee, here the place of the

---

[2] See, generally, *CreeLED, Inc. v. Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A"*, 699 F.Supp.3d 1357, 1361 (S.D. Fla. 2023) (effect of website accessibility on personal jurisdiction in a trademark action); *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (same); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1353 and fn.8 (11th Cir. 2013) (same).

infringing sales.'") (quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed. Cir. 1994)). Defendants' actions outside this state have also caused Plaintiff substantial injury within this in the State of Florida and this District. *Elite Aluminum*, 451 F.Supp.2d at 1314 ("A court may find jurisdiction pursuant to [the Florida long-arm statute's tortious act provision] even if the defendant was not physically present in the state of Florida at the time the tort was allegedly committed if the situation is one in which a foreign tortious act causes injury within the forum.") (quotation omitted).

8.       Defendants already conduct business in this State and District via the internet such that exercising jurisdiction would not unduly burden Defendants. The interests of the State of Florida, and of the Plaintiff in obtaining relief, are high due to the solicitation, sale, and delivery of products to residents of this District by aliens who are attempting to conceal their identities by use of the Seller Aliases.

## VENUE

9.       In patent cases, federal courts follow the "well-established rule that suits against alien defendants are outside the operation of the federal venue laws." *In re HTC Corporation*, 889 F.3d 1349, 1361 (Fed. Cir. 2018). The purpose of the longstanding alien-venue rule is "the need to avoid a venue gap, where the federal courts have jurisdiction, but where no proper venue to exercise that jurisdiction exists." *In re HTC Corporation*, 889 F.3d at 1355.

10.     Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping Infringing Products to consumers into this district.

11.     Defendants, upon information and belief, neither reside in any judicial district nor have a regular and established place of business in any judicial district for purposes of 28 U.S.C.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

§ 1400(b).

12.     Therefore, pursuant to the alien-venue rule and pursuant to 28 U.S.C. § 1391(b)(3), venue is proper because Defendants are subject to the Court's personal jurisdiction.

13.     The online Seller Profile of each individual Defendant showing their business address is attached hereto as **Exhibit 1**.[3]

## THE PARTIES

14.     Plaintiff, ███████████, is domiciled and residing in China. Plaintiff owns and operates his business.

15.     Plaintiff is the owner of the attached U.S. Design Patent No. ███████.  See **Exhibit 2** ("Patent").

16.     Upon information and belief, Defendants are individuals or business entities based in China that own and/or operate one or more e-commerce stores in a concerted effort to profit from the goodwill associated with Plaintiff's intellectual property by selling and offering to sell the same or substantially the same counterfeit and infringing goods via the same or similar sales channels, all in direct violation of Plaintiff's exclusive rights. See **Schedule A** attached hereto which contains a link to each of the Defendants' e-commerce stores.

17.     The Defendants offer for sale the same infringing product under different brand names and color schemes. These products have identical shapes and features, including ███████ ███████.

18.     Defendants are selling the same Infringing Products. Furthermore, the products share similar or identical descriptions and product images, including key works such as ███████ See **Exhibit 3** attached hereto which

---

[3] Exhibits referenced herein are being omitted in initial filing.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

contains true and correct copies of screenshot printouts showing the active e-commerce stores for each of the Defendants. The products shown on said Exhibit 3 are the Infringing Products, and are separated as to each individual Defendant.

19.     Moreover, it is common practice for Chinese business entities to open and operate multiple e-commerce storefronts under different names despite being owned and operated by the same entity. It is also common for Chinese businesses to purchase e-commerce storefronts from other vendors and to open multiple storefronts under different names for the same entities.

20.     Joinder is appropriate at this time under Fed. R. Civ. P. 20(a)(2) because Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action. See also 7 Fed. Prac. & Proc. Civ. § 1660 (3d ed.) ("The general philosophy of the joinder provisions of the federal rules is to allow virtually unlimited joinder at the pleading stage but to give the district court discretion to shape the trial to the necessities of the particular case.").

## FACTUAL BACKGROUND

21.     Plaintiff sells its own ███████████████ on e-commerce platforms like Amazon, which embody and practice the Patent.[4] Plaintiff's Patent is well established on Amazon and enjoy quality customer reviews and high ratings.

22.     Plaintiff has not granted a license or any other form of permission to Defendants to practice the Patent.

---

[4] Link to Plaintiff's Amazon storefront:

████████████████████████████████████████
███████████████████████████████████████
███████████████████████████

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

23.     On information and belief, Defendants are an interrelated group of infringers working in active concert to willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Patent in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same Infringing Products with minor variations as well as similar if not identical product images and descriptions. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

24.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Seller Aliases. On information and belief, Defendants regularly create new e-commerce storefronts to allocate potential liability. Such Defendant e-commerce store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

25.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Seller Aliases. The Seller Aliases include notable common features beyond selling the exact same infringing product, including the same product images, accepted payment methods, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, and the use of the same text and images.

26.     In addition to operating under multiple fictitious names, Defendants in this

7

██████████ and defendants in other similar ███████████ against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

27.     Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar Sensory Fidget Toys indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

28.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe the Patent, and continue to do so via the Seller Aliases. Each Defendant e-commerce storefront offers shipping to the United States, including Florida, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Florida.

29.     Defendants' infringement of the Patent in the offering to sell, selling, or importing of the Infringing Products is willful.

30.     Defendants' infringement of the Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products in Florida, is irreparably harming Plaintiff.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

## COUNT 1 - DESIGN PATENT INFRINGEMENT

31.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-30 to this Complaint as if fully set forth herein.

32.     Defendants offers for sale, sells, and/or imports into the United States for subsequent resale or use Infringing Products that infringe the ornamental design claimed in the Patent. See **Exhibit 3**.

33.     Defendant has infringed the Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

34.     Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting in active concert therewith from infringing the Patent, Plaintiff will continue to be irreparably harmed.

35.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

a. offering for sale, selling, and importing any products not authorized by Plaintiff that embody or practice any reproduction, copy or colorable imitation of the ornamental design claimed in the Plaintiff's Patent;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patent; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, Walmart, and web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, e-commerce search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patented Design;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patented Design; and

c. take all steps necessary to prevent links to the Seller Aliases identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Seller Aliases from any search index.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

3.      That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the Patent, including and not limited to all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' infringement of the Patent.

4.      That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284.

5.      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6.      Any and all other relief that this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

**DATED: February 23, 2026**                    Respectfully Submitted,

**REINER & REINER, P.A.**
*Counsel for Plaintiff*
9100 South Dadeland Blvd., Suite 901
Miami, Florida  33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com; eservice@reinerslaw.com


By: _____
**DAVID P. REINER, II, ESQ.**; FBN 416400