**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:26-cv-21188-BB**

**JOHN DOE**,

                    Plaintiff,

    vs.

**THE INDIVIDUALS, PARTNERSHIPS AND**
**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE "A",**

                    Defendants.

---

**PLAINTIFF'S *EX PARTE* MOTION FOR ORDER AUTHORIZING ALTERNATE**
**SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF**
**CIVIL PROCEDURE 4(f)(3) AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JOHN DOE, ("Plaintiff") by and through his undersigned counsel, hereby

moves this Honorable Court on an *ex parte* basis[1] for an order authorizing alternate service of

process on Defendants, the Individuals, Partnerships, and Unincorporated Associations Identified

on Schedule "A" to the Complaint (collectively, "Defendants"), and in support thereof states as

follows:

**I.       INTRODUCTION**

Plaintiff is suing Defendants for willful patent infringement and piracy. Defendants are

trading upon Plaintiff's invention, reputation, and goodwill by selling and/or offering for sale

unlicensed products, within this district, without authorization, by operating e-commerce stores

---

[1] Plaintiff is moving for alternate service *ex parte* as Plaintiff has yet to provide Defendants with notice of this action. (See Declaration of David P. Reiner in support of Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants ("Reiner Decl." ¶ 4). Plaintiff intends to file his *Ex Parte* Application for Temporary Restraining Order ("Application for TRO") concurrently. The instant motion makes reference to Plaintiff's Application for TRO, and as such, Plaintiff seeks to prevent premature disclosure of that filing. However, Plaintiff is filing this Motion so that, in the event Plaintiff's Application for TRO and the instant motion are granted, Plaintiff can effectuate service of process pursuant to Fed. R. Civ. P. Rule 4 simultaneously with providing notice of the Court's order on Plaintiff's Application for TRO.

established via third-party Internet marketplace platforms under their seller identification names identified on Schedule "A" to the Complaint in this action (the "Seller IDs").

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests an Order Authorizing Service of Process on Defendants via electronic mail ("e-mail") and via website posting.

Alternate service by e-mail, messaging service, or by posting on a designated website are appropriate and necessary in this case, because Defendants (1) operate via the Internet, and (2) rely on electronic communications to operate their businesses. As such, Plaintiff has the ability to contact Defendants directly, and provide notice of Plaintiff's claims against them electronically. Additionally, Plaintiff has created a website and will be posting copies of the Complaint, this instant Motion, and all other documents filed in this action.

Plaintiff respectfully submits that an order allowing service of process by the aforementioned methods will benefit all parties and the Court by ensuring Defendants receive immediate notice of the pendency of this action. Under these circumstances, notice by these methods is reasonably calculated to apprise the Defendants of the action and will allow this action to move forward expeditiously.

Absent the ability to serve Defendants by e-mail and/or by website posting, Plaintiff will almost certainly be left without the ability to pursue a remedy.

## II.     STATEMENT OF FACTS

1.     Defendants operate Internet-based businesses and identify e-mail, including onsite contact forms, as a means of communication such that Plaintiff will be able to provide Defendants with notice of this action via e-mail and website posting. (Reiner Decl. ¶ 8).

2.     As a practical matter, it is necessary for merchants who operate entirely online,

such as Defendants, to provide customers with a valid electronic means by which customers may contact the merchants to ask questions about the merchants' products, place orders from the merchants, and receive information from the merchants regarding the shipments of orders. *Id.*

3.      E-commerce Defendants generally must maintain accurate e-mail addresses where their marketplace platform administrator and payment processor may communicate with them regarding issues related to the maintenance of their e-commerce store accounts and transfer of funds for the payment for goods. (Reiner Decl. ¶¶ 8, 10, 11).

4.      Plaintiff has created a website ("Publication Website"), such that anyone accessing Publication Website will find copies of all documents filed in this action. (Reiner Decl. ¶ 13).

5.      All the Defendants use non-party internet marketplace platforms to support and drive consumer traffic to their infringing operations including but not limited to Amazon.com and others. Defendants use these platforms to sell Infringing Products from foreign countries such as China to consumers in the United States. Defendants use Internet based e-commerce stores operating under their respective seller identification names at these platforms as identified on Schedule "A" to the Complaint (the "Seller IDs"). (Reiner Decl. ¶ 7).

6.      All the Defendants are required to provide contact information, including at least an email address, to the non-party internet marketplace platforms in order to maintain contact, obtain information and receive payments from the third-party platforms for sales made on those platforms. In the Plaintiff's Application for Temporary Restraining Order to be filed in this case, Plaintiff will request that the Court order the non-party internet marketplace platforms to disclose the identities of Defendants including their email addresses to the Plaintiff so that those email addresses can be used to notify the Defendants. (Reiner Decl. ¶ 8).

7.      Defendants have structured their Internet e-commerce store businesses so that the means for customers to purchase Defendants' infringing goods at issue is by placing an order

electronically. Defendants take and confirm orders online and rely on electronic means to receive payment. Clearly, Defendants depend on electronic means as reliable forms of contact. (Reiner Decl. ¶ 11).

8.      Each Defendant will be provided with notice of this action electronically. Plaintiff will send the Complaint and Summons to Defendants via their corresponding e-mail addresses, customer service e-mail addresses and/or onsite contact forms or via the e-commerce marketplace platforms that Defendants use to conduct their commercial transactions via the Seller IDs. (Reiner Decl. ¶ 12). In this manner, Defendants will receive a web address at which they can access all electronic filings to view, print, or download any document filed in the case similar to the Court's CM/ECF procedures. *Id.*

9.      Finally, Plaintiff will be able to provide each Defendant notice of this action via Publication Website, whereon copies of the Complaint, the instant Motion, and all other pleadings, documents, and orders issued in this action will be posted such that anyone accessing Publication Website will find copies of all documents filed in this action. (Reiner Decl. ¶¶ 12, 13). The address for Publication Website will be provided to Defendants via their known e-mail accounts and will be included as part of service of process in this matter. *Id.*

**III.     ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a foreign partnership or other unincorporated association may be served with process in any manner prescribed by Rule 4(f) for serving foreign individuals. Federal Rule of Civil Procedure 4(f)(3), allows a district court to authorize an alternate method for service to be effected upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. In the present matter, alternate service of process via e-mail and by posting on Publication Website are appropriate given that Defendants have established Internet-based

businesses by which they rely on electronic communications for their operation. Accordingly, this Court should permit service on Defendants by e-mail and website posting.

      A.      **The Court May Authorize Service via Electronic Mail and Website Posting Pursuant to Federal Rule of Civil Procedure 4(f)(3).**

Federal Rule of Civil Procedure 4(h)(2) allows a foreign business entity to be served with process "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3). *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011). A foreign partnership or other unincorporated association can therefore be served in the same manner as serving a foreign individual pursuant to Rule 4(f)(3). *Id*.

Federal Rule of Civil Procedure 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. See *Prewitt Enters., Inc. v. Org. of Petrol. Exporting Countries*, 353 F.3d 916, 923 (11th Cir. 2003). See also *Brookshire Bros., Ltd. v. Chiquita Brands Int'l,* Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); *Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

In fact, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Chanel, Inc. v. Zhixian*, 2010 WL 1740695, at *2 quoting *Rio Props*., 284 F.3d at 1014 and citing *Mayoral–Amy v. BHI Corp*., 180 F.R.D. 456, 459 n.4 (S.D. Fla. 1998).

The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. *Prewitt Enters., Inc*., 353 F.3d at 921; *Rio Props.,* 284 F.3d at 1116; *Brookshire Bros., Ltd*., 2007 WL 1577771, at *2 (noting that "district courts have broad discretion under Rule 4(f)(3) to authorize other

methods of service"); *In re Int'l Telemedia Assocs.*, 245 B.R. 713, 720 (N.D. Ga. 2000) (noting that Rule 4(f)(3) is designed to allow courts discretion and broad flexibility to tailor the methods of service for a particular case).

Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under subsection 4(f)(3). *Rio Props.*, 284 F.3d at 1114-15; *Brookshire Bros., Ltd.,* 2007 WL 1577771, at *1.

In *Brookshire*, the Honorable Judge Marcia G. Cooke allowed substitute service on a party's attorney pursuant to Rule 4(f)(3) holding as follows:

> Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f) and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates the primacy, and certainly Rule 4(f)(3) indicates no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

*Brookshire Bros., Ltd.,* 2007 WL 1577771, at *1 quoting *Rio Props.*, 284 F.3d at 1015; accord *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 692 (S.D. Fla. Jan. 11, 2012) (noting that, in regards to Rule 4(f)(3), "there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or," are meant to be read as a hierarchy."). Judge Cooke further held, "[t]he invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief." *Brookshire Bros., Ltd.*, 2007 WL 1577771, at *2.

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way. Rather, constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

*Brookshire Bros., Ltd.*, 2007 WL 1577771, at *1 quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)); *TracFone Wireless, Inc.,* 278 F.R.D. at 692; *Rio Props.,* 284 F.3d at 1016.

Federal courts have allowed a variety of alternative service methods, including service by e-mail and service by posting on a designated website, where a Plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. See, e.g., *Rio Props*., 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); *In re Int'l Telemedia Assocs*., 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."); *Nat'l Ass'n for Stock Car Auto Racing, Inc. v. Does*, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (in "acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [Plaintiffs' website].").

Here, service on Defendants by e-mail, by messaging through the marketplace seller portal, and by posting on Publication Website will satisfy due process by apprising them of the action and giving them the opportunity to answer Plaintiff's claims. Based upon Plaintiff's investigation, each Defendant has at least one form of electronic means of contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with that Defendant, and consequently, the most reliable means of providing Defendants with notice of this action[2]. (See Reiner Decl. ¶¶ 8, 10, 11).

---

[2] Even where internet platforms like the ones where Defendants operate their illegal businesses provide a complete address submitted by Defendants upon registration, this information is inherently unreliable. The internet platforms do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers and counterfeiters to "routinely use false or inaccurate names and addresses when registering with these Internet

REINER & REINER, P.A.

ONE DATRAN CENTER ⬧ 9100 SOUTH DADELAND BLVD ⬧ SUITE 901 ⬧ MIAMI ⬧ FLORIDA ⬧ 33156 ⬧ TEL: 305 670-8282 ⬧ FAX: 305 670-8989

Moreover, service by posting on Publication Website will be an additional source of reliability as Defendants will be able to see copies of the Complaint and all other documents in this matter electronically via their Internet browser. (Reiner Decl. ¶¶ 12, 13).

E-mail service on an online business defendant is appropriate and constitutionally acceptable in a case such as this when Plaintiff has proven that e-mail is the most effective means of providing a Defendant notice of the action. See *Rio Properties*, 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]."). Seealso *Popular Enters., LLC v. Webcom Media Group, Inc.,* 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts") (citation omitted).

The *Rio Properties* and *Popular Enters., LLC* courts each determined e-mail service to be appropriate in part because, as in this case, the Defendants conducted their business online, used e-mail regularly in their business, and encouraged parties to contact them via e-mail. *Id*. In cases that are factually similar to this one, a number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw."

---

platforms." Chow, Daniel Chee King, Alibaba, Amazon, and Counterfeiting in the Age of the Internet (August 22, 2019), Northwestern Journal of International Law & Business, Forthcoming, Ohio State Public Law Working Paper No. 497 at 24 (2019), available at SSRN: https://ssrn.com/abstract=3441110 or http://dx.doi.org/10.2139/ssrn.3441110.

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

*Rio Properties*, 284 F.3d at 1018; *Chanel, Inc. v. Zhixian*, 2010 WL 1740695, at *3 (e-mail service "reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections."); *TracFone Wireless, Inc.*, 278 F.R.D. at 693 (finding that service of process by e-mail was reasonably calculated to apprise the Defendants of the action and give it an opportunity to respond); *Popular Enters., LLC*, 225 F.R.D. at 563 (same); *In re Int'l Telemedia Associates,* 245 B.R. at 722 ("A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party" (concluding e-mail and facsimile service to be appropriate)); *Chanel, Inc. v. Zhibing*, Case No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010) (stating that e-mail service has the "greatest likelihood" of reaching e-commerce merchants and noting, "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages." Alternate service via e-mail granted).

Plaintiff submits that allowing e-mail service in the present case is appropriate and comports with constitutional notions of due process, particularly given Defendants' decisions to conduct their illegal businesses using the Internet and utilizing e-mail as a primary means of communication. Plaintiff further submits that allowing service via a message sent through the marketplace messaging system is also appropriate and comports with due process. Courts in this circuit have consistently allowed such service. *See, e.g., Tiffany (NJ) LLC v. Individuals*, No. 22- CV-62379-RAR, 2023 U.S. Dist. LEXIS 92191, at *4 (S.D. Fla. Feb. 7, 2023) (recognizing the validity of service on defendants via the DHgate.com's messaging service and website posting); *CCA & B, LLC v. Babeeni Vietnam Co.*, No. 1:19-CV-03859-JPB, 2019 U.S. Dist. LEXIS 224309, at *18-19 (N.D. Ga. Aug. 30, 2019) (authorizing service by message to

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

defendants sent through the marketplace messaging system, as a download link sent to defendants through the messaging system, or by email); *Luxottica Grp. S.P.A. v. Individuals*, No. 19-62622-CIV- MARTINEZ-S, 2020 U.S. Dist. LEXIS 108991, at *3 (S.D. Fla. Jan. 8, 2020) (authorizing service via the Internet marketplace platform private messaging application and/or services).

Additionally, service of a defendant by posting on a designated website has been deemed an appropriate means of service by posting. *Nat'l Ass'n for Stock Car Auto Racing*, 584 F. Supp. 2d at 826. A proposed method of website posting need only be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Nat'l Ass'n for Stock Car Auto Racing*, 584 F. Supp. 2d at 826 citing *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 315-16 (1950)). In *National Association for Stock Car Auto Racing*, the United States District Court for the Western District of North Carolina determined that the Plaintiffs could serve "Doe" Defendants and apprise those Defendants of a pending preliminary injunction hearing by posting on the Plaintiffs' website. *Id*.

Plaintiff created a website, whereon copies of the Complaint, this instant Motion, and all other pleadings, documents, and orders issued in this action will be posted. (Reiner Decl. ¶ 13). The address to Publication Website will be provided to Defendants via their known e-mail accounts and onsite contact forms and will be included upon service of process in this matter. *Id.* Plaintiff respectfully submit that alternative service by posting the Complaint and Summons on Publication Website would provide notice to Defendants sufficient to meet the due process requirements for service of process pursuant to Federal Rule of Civil Procedure 4, apprise Defendants of the pendency of this action, and afford Defendants and any other interested parties an opportunity to present their answers and objections.

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

**B.     Service of Process Via Electronic Means Are Not Prohibited by International Agreement.**

Service via e-mail and via posting on a designated website are not prohibited by international agreement. Based upon the data provided in connection with Defendants' e-commerce stores, including the shipping information and payment data provided in connection with Defendants' Seller IDs, Plaintiff has good cause to suspect Defendants are residing in and/or operating from the People's Republic of China ("China") or other foreign countries and/or redistribute products from sources in those locations. (Reiner Decl. ¶ 9).

The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extra- Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention"). (Reiner Decl. ¶ 14 and Comp. Ex. 1 thereto, Hague Service Convention and list of signatory Members). The Hague Service Convention does not preclude the Court from authorizing service of process via e-mail or posting on a designated website. As such, there are no international agreements prohibiting service by e-mail or posting on a designated website. *Id.*

Alternative means of service, such as e-mail and website posting, are not prohibited by the Hague Service Convention where a signatory nation has not expressly objected to those means. See *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention is limited to the forms of service expressly objected to).

Article 10 to the Hague Service Convention allows service of process through means other than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. See Hague Convention, Art. 10, 20 U.S.T. 361 (1969). China has objected to the alternative means of service outlined in Article

10 of the Convention. (Reiner Decl. ¶ 14). However, that objection is specifically limited to the means of service enumerated in Article 10, and China has not expressly objected to service via e-mail or website posting. See *Id.* and Comp. Ex. 1 attached thereto.

"Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." *Gurung v. Malhotra,* 279 F.R.D. 215, 219 (S.D.N.Y. 2011); *WhosHere, Inc. v. Orun*, Case No. 13-cv-00526-AJT, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20, 2014) (authorizing e-mail service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10.").

Moreover, an objection to the alternative means of service provided in Article 10 does not represent a per se objection to other forms of service, such as e-mail or website posting. See *In re S. African Apartheid Litig*., 643 F. Supp. 2d 423, 434, 437 (S.D.N.Y. 2009) (requiring express objection to alternative method of service by signatory nation to preclude that particular means of service). Consequently, China's objection to the means of alternative service provided in Article 10 is no bar to court-directed service and does not prevent this Court from authorizing alternative service of process via e-mail or website posting. See, e.g., *Gurung*, 279 F.R.D. at 220 (approving service of process on foreign Defendants via e-mail despite India's objection to Article 10, stating that an "objection to service through postal channels does not amount to an express rejection of service via electronic mail."); *Stat Med. Devices, Inc*., 2015 U.S. Dist. LEXIS 122000, at *8-9 (permitting service of process on foreign Defendants via e-mail and substituted service on domestic counsel despite Poland's objection to Article 10, noting "This Court and many other federal courts have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention . . . does not equate to an express

REINER & REINER, P.A.
ONE DATRAN CENTER ⬦ 9100 SOUTH DADELAND BLVD ⬦ SUITE 901 ⬦ MIAMI ⬦ FLORIDA ⬦ 33156 ⬦ TEL: 305 670-8282 ⬦ FAX: 305 670-8989

objection to service via electronic mail."); *FTC v. PCCare247 Inc.,* Case No. 12-cv-7189-PAE, 2013 U.S. Dist. LEXIS 31969, at *10 (S.D.N.Y. March 7, 2013) (authorizing service of process via e-mail and Facebook, explaining that "Numerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10."); *WhosHere, Inc.,* 2014 U.S. Dist. LEXIS 22084 (authorizing service of process on foreign Defendants via e-mail despite Turkey's objection to Article 10); *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, Case No. 11-CV-02460-LHK, 2011 U.S. Dist. LEXIS 71269 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.").

## IV.     CONCLUSION

In view of the foregoing, Plaintiff respectfully requests this Court grant his *Ex Parte* Motion and authorize service of the Complaint, Summons, and all filings and discovery in this matter upon each Defendant in this action:

(1)  via e-mail by providing the address to Plaintiff's designated website to Defendants via the e-mail accounts provided by that Defendant (i) as part of the data related to its e-commerce store, including customer service e-mail addresses and onsite contact forms, or (ii) via the e- commerce platform e-mail for each of the e-commerce stores; and/or

(2)  by sending a message to each Defendant through the messaging service that the marketplace uses to communicate with its sellers containing a link to a drive where the Complaint, Summons, and TRO can be accessed and downloaded; and/or

(3)  via website by publicly posting a copy of the Complaint, Summons, and all filings

and discovery in this matter on Publication Website.

**DATED:  March 10, 2026**                    Respectfully Submitted,

                                              **REINER & REINER, P.A.**
                                              *Counsel for Plaintiff*
                                              9100 South Dadeland Blvd., Suite 901
                                              Miami, Florida   33156-7815
                                              Tel: (305) 670-8282; Fax: (305) 670-8989
                                              dpr@reinerslaw.com; eservice@reinerslaw.com

                                              By: _____
                                                **DAVID P. REINER, II, ESQ.**; FBN 416400

REINER & REINER, P.A.
ONE DATRAN CENTER ⬧ 9100 SOUTH DADELAND BLVD ⬧ SUITE 901 ⬧ MIAMI ⬧ FLORIDA ⬧ 33156 ⬧ TEL: 305 670-8282 ⬧ FAX: 305 670-8989