**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:26-cv-21188-BB**

JOHN DOE,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

      Defendants.

_____/

### DECLARATION OF DAVID P. REINER, II IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR AN ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS

I, David P. Reiner, II, declare and say:

1.      I am an attorney for Plaintiff in the above captioned action.

2.      I submit this Declaration in support of Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process (the "Motion for Alternate Service") on Defendants, the Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Complaint in this action (collectively, "Defendants").

3.      I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

4.      Plaintiff is moving for alternate service *ex parte* as Plaintiff has yet to provide Defendants with notice of this action.

5.      Plaintiff filed his *Ex Parte* Application for Temporary Restraining Order, Order

Restraining Transfer of Assets ("Application for TRO"), which is currently pending before the Court. I hereby incorporate by reference all factual allegations contained in my Declaration filed in support of Plaintiff's Application for TRO.

6. The instant Motion makes reference to Plaintiff's Application for TRO, and as such, Plaintiff seeks to prevent premature disclosure of that filing. However, Plaintiff is filing this Motion so that, in the event Plaintiff's Application for TRO and the instant Motion are granted, Plaintiff can effectuate service of process pursuant to Fed. R. Civ. P. Rule 4 simultaneously with providing notice of the Court's order on Plaintiff's Application for TRO.

7. All the Defendants use non-party internet marketplace platforms to support and drive consumer traffic to their infringing operations including but not limited to: Amazon.com and others. Defendants use these platforms to sell Infringing Products from foreign countries such as China to consumers in the United States. Defendants use Internet based e-commerce stores operating under their respective seller identification names at these platforms as identified on Schedule "A" to the Complaint (the "Seller IDs").

8. All the Defendants are required to provide contact information, including at least an email address, to the non-party internet marketplace platforms in order to maintain contact, obtain information and receive payments from the third-party platforms for sales made on those platforms. Defendants also must provide an email address by which customers may contact the merchants to ask questions about the merchants' products, place orders from the merchants, and receive information from the merchants regarding the shipments of orders. In the Plaintiff's Application for Temporary Restraining Order, Plaintiff will request that the Court order the nonparty internet marketplace platforms to disclose the identities of Defendants including their email addresses to the Plaintiff so that those email addresses can be used to notify the

Defendants.

9. I have good cause to believe that Defendants are residing and/or operating from the People's Republic of China ("China") or other foreign countries and/or redistribute products from sources in those locations. Plaintiff investigated Defendants and determined their illegal operations are most likely based in and/or shipping from China or other foreign jurisdictions. Plaintiff's investigation looked at multiple connection data points, such as information contained on Defendants' actual individual seller stores operating under their respective Seller IDs, payment and shipping information, and the investigative data provided thereunder. Thus, Plaintiff has good cause to believe Defendants are not residents of the United States. See **Exhibit 1** to Complaint.

10. In my experience, counterfeiters and infringers, such as Defendants, do not disclose their real locations or true identities. This is especially true for counterfeiters and infringers who sell infringing products through online marketplaces such as Amazon.com and others. For example, the marketplaces through which Defendants sell their products do not provide a physical address or phone number. Rather, they only provide an e-mail address for the purpose of communicating with the marketplace itself or the consumer.

11. Defendants have structured their internet e-commerce store business so that the means for customers to purchase Defendants' infringing goods at issue is by placing an order electronically. Defendants take and confirm orders online and rely on electronic means to receive payment and communicate with the marketplaces and payment processors.

12. Each Defendant will be provided with notice of this action electronically. Plaintiff will send the Complaint and Summons to Defendants via their corresponding email addresses, customer service email addresses and/or onsite contact forms or via the individual seller stores at

online marketplaces such as Amazon.com and others that Defendants use to conduct their commercial transactions via the Seller IDs.

13. Plaintiff will additionally notify Defendants of this action via website posting. Plaintiff has created a website for notice and will be posting copies of the Complaint, the Application for TRO, and all other pleadings, documents, and orders on file in this action on the designated website ("Publication Website"), such that anyone accessing Publication Website will find copies of all documents filed in this action. In this manner, Defendants can access all electronic filings to view, print, or download any document filed in the case similar to the Court's CM/ECF procedures. The address for Publication Website will be provided to Defendants via their known e-mail accounts and will be included as part of service of process in this matter.

14. I reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Service Convention"), to which the United States and China are signatories. China has declared that it opposes the service of documents in their territory by the alternative means of service outlined in Article 10 of the Hague Service Convention, including the service of process by postal channels. However, the Hague Service Convention does not preclude service by e-mail or website publication, and the declarations to the Hague Service Convention filed by China does not expressly prohibit e-mail service website publication. Thus, there are no international agreements prohibiting service by e-mail or website posting. A true and correct copy of the Hague Service Convention and a list of the signatory Members are attached hereto as **Composite Exhibit 1**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**DATED:  March 10, 2026**

**DAVID P. REINER, II, ESQ.**; FBN 416400

# Exhibit 1

**14. CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS**

*(Concluded 15 November 1965)*

The States signatory to the present Convention,

Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,

Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting the procedure,

Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

Article 1

The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.

This Convention shall not apply where the address of the person to be served with the document is not known.

CHAPTER I – JUDICIAL DOCUMENTS

Article 2

Each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.

Each State shall organise the Central Authority in conformity with its own law.

Article 3

The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.

The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

Article 4

If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request.

Article 5

The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either –

*a)* by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or

*b)* by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.

Subject to sub-paragraph *(b)* of the first paragraph of this Article, the document may always be served by delivery to an addressee who accepts it voluntarily.

If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.

That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

Article 6

The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention.

The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.

The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.

The certificate shall be forwarded directly to the applicant.

2

## Article 7

The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be written in the official language, or in one of the official languages, of the State in which the documents originate.

The corresponding blanks shall be completed either in the language of the State addressed or in French or in English.

## Article 8

Each Contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents.

Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

## Article 9

Each Contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another Contracting State which are designated by the latter for this purpose.

Each Contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.

## Article 10

Provided the State of destination does not object, the present Convention shall not interfere with –

*a)* the freedom to send judicial documents, by postal channels, directly to persons abroad,

*b)* the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

*c)* the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

## Article 11

The present Convention shall not prevent two or more Contracting States from agreeing to permit, for the purpose of service of judicial documents, channels of transmission other than those provided for in the preceding Articles and, in particular, direct communication between their respective authorities.

## Article 12

The service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed.

The applicant shall pay or reimburse the costs occasioned by –-

*a)* the employment of a judicial officer or of a person competent under the law of the State of destination,

*b)* the use of a particular method of service.

## Article 13

Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.

It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.

The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.

## Article 14

Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.

## Article 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –

3

*a)* the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or
*b)* the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,
and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.
Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled –
*a)* the document was transmitted by one of the methods provided for in this Convention,
*b)* a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
*c)* no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.
Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

Article 16

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled –
*a)* the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and
*b)* the defendant has disclosed a *prima facie* defence to the action on the merits.
An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.
Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.
This Article shall not apply to judgments concerning status or capacity of persons.

CHAPTER II – EXTRAJUDICIAL DOCUMENTS

Article 17

Extrajudicial documents emanating from authorities and judicial officers of a Contracting State may be transmitted for the purpose of service in another Contracting State by the methods and under the provisions of the present Convention.

CHAPTER III – GENERAL CLAUSES

Article 18

Each Contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence.
The applicant shall, however, in all cases, have the right to address a request directly to the Central Authority.
Federal States shall be free to designate more than one Central Authority.

Article 19

To the extent that the internal law of a Contracting State permits methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

Article 20

The present Convention shall not prevent an agreement between any two or more Contracting States to dispense with –
*a)* the necessity for duplicate copies of transmitted documents as required by the second paragraph of Article 3,
*b)* the language requirements of the third paragraph of Article 5 and Article 7,
*c)* the provisions of the fourth paragraph of Article 5,
*d)* the provisions of the second paragraph of Article 12.

Article 21

4

Each contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the following –

*a)* the designation of authorities, pursuant to Articles 2 and 18,

*b)* the designation of the authority competent to complete the certificate pursuant to Article 6,

*c)* the designation of the authority competent to receive documents transmitted by consular channels, pursuant to Article 9.

Each Contracting State shall similarly inform the Ministry, where appropriate, of –

*a)* opposition to the use of methods of transmission pursuant to Articles 8 and 10,

*b)* declarations pursuant to the second paragraph of Article 15 and the third paragraph of Article 16,

*c)* all modifications of the above designations, oppositions and declarations.

### Article 22

Where Parties to the present Convention are also Parties to one or both of the Conventions on civil procedure signed at The Hague on 17th July 1905, and on 1st March 1954, this Convention shall replace as between them Articles 1 to 7 of the earlier Conventions.

### Article 23

The present Convention shall not affect the application of Article 23 of the Convention on civil procedure signed at The Hague on 17th July 1905, or of Article 24 of the Convention on civil procedure signed at The Hague on 1st March 1954.

These Articles shall, however, apply only if methods of communication, identical to those provided for in these Conventions, are used.

### Article 24

Supplementary agreements between Parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention, unless the Parties have otherwise agreed.

### Article 25

Without prejudice to the provisions of Articles 22 and 24, the present Convention shall not derogate from Conventions containing provisions on the matters governed by this Convention to which the Contracting States are, or shall become, Parties.

### Article 26

The present Convention shall be open for signature by the States represented at the Tenth Session of the Hague Conference on Private International Law.

It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

### Article 27

The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of Article 26.

The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

### Article 28

Any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 27. The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession.

In the absence of any such objection, the Convention shall enter into force for the acceding State on the first day of the month following the expiration of the last of the periods referred to in the preceding paragraph.

### Article 29

Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is

responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.

At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification referred to in the preceding paragraph.

Article 30

The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 27, even for States which have ratified it or acceded to it subsequently.

If there has been no denunciation, it shall be renewed tacitly every five years.

Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.

It may be limited to certain of the territories to which the Convention applies.

The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

Article 31

The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in Article 26, and to the States which have acceded in accordance with Article 28, of the following –

*a)* the signatures and ratifications referred to in Article 26;

*b)* the date on which the present Convention enters into force in accordance with the first paragraph of Article 27;

*c)* the accessions referred to in Article 28 and the dates on which they take effect;

*d)* the extensions referred to in Article 29 and the dates on which they take effect;

*e)* the designations, oppositions and declarations referred to in Article 21;

*f)* the denunciations referred to in the third paragraph of Article 30.

In witness whereof the undersigned, being duly authorised thereto, have signed the present Convention.

Done at The Hague, on the 15th day of November, 1965, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic channel, to each of the States represented at the Tenth Session of the Hague Conference on Private International Law.

6

# SIGNATORIES 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters

Entry into force: 10-II-1969, Last update: 27-I-2011
Number of Contracting States to this Convention: 62

1) S = Signature
2) R/A/Su = Ratification, Accession or Succession
3) Type = R: Ratification;
A: Accession;
A*: Accession giving rise to an acceptance procedure; click on A* for details of acceptances of the accession;
C: Continuation;
Su: Succession;
Den: Denunciation;
4) EIF = Entry into force
5) Ext = Extensions of application
6) Auth = Designation of Authorities
7) Res/D/N = Reservations, declarations or notifications

**Members of the Organisation (click here for the non-Member States)**

| States | S[1] | R/A/Su[2] | Type[3] | EIF[4] | Ext[5] | Auth[6] | Res/D/N[7] |
|---|---|---|---|---|---|---|---|
| Albania | | 1-XI-2006 | A | 1-VII-2007 | | 3 | |
| Argentina | | 2-II-2001 | A | 1-XII-2001 | | 2 | D,Res5,10,15,16 |
| Australia | | 15-III-2010 | A | 1-XI-2010 | 7 | 5 | D5,8,9,10,15,16,17,29 |
| Belarus | | 6-VI-1997 | A | 1-II-1998 | | 1 | |
| Belgium | 21-I-1966 | 19-XI-1970 | R | 18-I-1971 | | 2 | D8,15,16 |
| Bosnia and Herzegovina | | 16-VI-2008 | A | 1-II-2009 | | 1 | |
| Bulgaria | | 23-XI-1999 | A | 1-VIII-2000 | | 3 | D5,8,10,15,16 |
| Canada | | 26-IX-1988 | A | 1-V-1989 | | 4 | D5,8,10,11,12,15,16,2 |
| China, People's Republic of | | 6-V-1991 | A | 1-I-1992 | | 8 | D,N5,8,10,15,16 |
| Croatia | | 28-II-2006 | A | 1-XI-2006 | | 3 | Res,D5,6,8,9,10,15,16 |
| Cyprus | | 26-X-1982 | A | 1-VI-1983 | | 4 | D8,10,15,16 |
| Czech Republic | | 28-I-1993 | Su | 1-I-1993 | | 4 | D,Res8,10,15,29 |
| Denmark | 7-I- | 2-VIII- | R | 1-X- | | 3 | D10,15,16 |

| | 1969 | 1969 | | 1969 | | | |
|---|---|---|---|---|---|---|---|
| Egypt | 1-III-1966 | 12-XII-1968 | R | 10-II-1969 | | 1 | Res8,10 |
| Estonia | | 2-II-1996 | A | 1-X-1996 | | 1 | D10,15,16 |
| Finland | 15-XI-1965 | 11-IX-1969 | R | 10-XI-1969 | | 2 | D2,9,10 |
| France | 12-I-1967 | 3-VII-1972 | R | 1-IX-1972 | 1 | 3 | D8,15,16 |
| Germany | 15-XI-1965 | 27-IV-1979 | R | 26-VI-1979 | | 3 | D5,8,10,15,16 |
| Greece | 20-VII-1983 | 20-VII-1983 | R | 18-IX-1983 | | 1 | D8,10,15 |
| Hungary | | 13-VII-2004 | A | 1-IV-2005 | | 3 | D2,5,6,8,9,10,15,16 |
| Iceland | | 10-XI-2008 | A | 1-VII-2009 | | 1 | D,Res10,15,16 |
| India | | 23-XI-2006 | A | 1-VIII-2007 | | 1 | D,Res10,15,16 |
| Ireland | 20-X-1989 | 5-IV-1994 | R | 4-VI-1994 | | 3 | D,Res10,15 |
| Israel | 25-XI-1965 | 14-VIII-1972 | R | 13-X-1972 | | 2 | D,Res10,16 |
| Italy | 25-I-1979 | 25-XI-1981 | R | 24-I-1982 | | 3 | D5,12 |
| Japan | 12-III-1970 | 28-V-1970 | R | 27-VII-1970 | | 3 | D10,15 |
| Korea, Republic of | | 13-I-2000 | A | 1-VIII-2000 | | 2 | D,Res8,10,15 |
| Latvia | | 28-III-1995 | A | 1-XI-1995 | | 4 | D5,8,10,15 |
| Lithuania | | 2-VIII-2000 | A | 1-VI-2001 | | 1 | D,Res8,10,15,16 |
| Luxembourg | 27-X-1971 | 9-VII-1975 | R | 7-IX-1975 | | 1 | D,Res5,8,15,16 |
| Mexico | | 2-XI-1999 | A | 1-VI-2000 | | 1 | D5,6,8,10,12,15,16 |
| Monaco | | 1-III-2007 | A | 1-XI-2007 | | 2 | D8,10,15,16 |
| Netherlands | 15-XI-1965 | 3-XI-1975 | R | 2-I-1976 | 1 | 5 | D15,16 |
| Norway | 15-X-1968 | 2-VIII-1969 | R | 1-X-1969 | | 3 | D,Res8,10,15,16 |
| Poland | | 13-II-1996 | A | 1-IX-1996 | | 4 | Res8,10 |
| Portugal | 5-VII-1971 | 27-XII-1973 | R | 25-II-1974 | | 2 | D8,15,16 |
| Romania | | 21-VIII-2003 | A | 1-IV-2004 | | 2 | D8,16 |
| Russian Federation | | 1-V-2001 | A | 1-XII-2001 | | 4 | D,Res2,3,5,6,8,9,10,12,15 |

8

| States | | | | | | |
|---|---|---|---|---|---|---|
| Serbia | | 2-VII-2010 | A | 1-II-2011 | 2 | D5,6,8,10,15,16 |
| Slovakia | | 15-III-1993 | Su | 1-I-1993 | 4 | D8,10,15,29 |
| Slovenia | | 18-IX-2000 | A | 1-VI-2001 | 1 | |
| Spain | 21-X-1976 | 4-VI-1987 | R | 3-VIII-1987 | 3 | D15,16 |
| Sri Lanka | | 31-VIII-2000 | A | 1-VI-2001 | 3 | D7,8,10,15 |
| Sweden | 4-II-1969 | 2-VIII-1969 | R | 1-X-1969 | 2 | D5,10 |
| Switzerland | 21-V-1985 | 2-XI-1994 | R | 1-I-1995 | 3 | D,Res1,5,8,10,15 |
| The former Yugoslav Republic of Macedonia | | 23-XII-2008 | A | 1-IX-2009 | 1 | D,Res5,6,8,9,10,15,16,21 |
| Turkey | 11-VI-1968 | 28-II-1972 | R | 28-IV-1972 | 3 | Res,D8,10,15,16 |
| Ukraine | | 1-II-2001 | A | 1-XII-2001 | 3 | D,Res8,10,15,16 |
| United Kingdom of Great Britain and Northern Ireland | 10-XII-1965 | 17-XI-1967 | R | 10-II-1969 | 14   4 | D2,5,10,15,16,18 |
| United States of America | 15-XI-1965 | 24-VIII-1967 | R | 10-II-1969 | 1   1 | D2,15,16,29 |
| Venezuela | | 29-X-1993 | A | 1-VII-1994 | 1 | D,Res5,8,10,1516 |

## Non-Member States of the Organisation (click here for the Members)

| States | S[1] | R/A/Su [2] | Type [3] | EIF [4] | Ext [5] | Auth [6] | Res/D/N [7] |
|---|---|---|---|---|---|---|---|
| Antigua and Barbuda | | 1-V-1985 | Su | 1-XI-1981 | | 1 | |
| Bahamas | | 17-VI-1997 | A | 1-II-1998 | | 1 | |
| Barbados | | 10-II-1969 | A | 1-X-1969 | | 1 | |
| Belize | | 8-IX-2009 | A | 1-V-2010 | | | |
| Botswana | | 10-II-1969 | A | 1-IX-1969 | | 3 | D5,10,15 |
| Kuwait | | 8-V-2002 | A | 1-XII-2002 | | 3 | D,Res6,8,9,10,15,16,18 |
| Malawi | | 24-IV-1972 | A | 1-XII-1972 | | 1 | |
| Pakistan | | 7-XII-1988 | A | 1-VIII-1989 | | 3 | D8,15,16 |
| Saint Vincent and the Grenadines | | 6-I-2005 | Su | 27-X-1979 | | 3 | D5,10,15 |
| San Marino | | 15-IV-2002 | A | 1-XI-2002 | | 3 | D8,10,15 |
| Seychelles | | 18-XI-1980 | A | 1-VII-1981 | | 1 | D8,10,15,16 |

9