**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-21188-BLOOM**

**JOHN DOE,**

     Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS,**
**AND UNINCORPORATED**
**ASSOCIATIONS IDENTIFIED ON**
**SCHEDULE A**,

     Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S RENEWED *EX PARTE* MOTION FOR**
**LEAVE TO TEMPORARILY PROCEED UNDER A PSEUDONYM**

**THIS CAUSE** is before the Court on Plaintiff's Renewed *Ex Parte* Motion for Leave to Temporarily Proceed Under a Pseudonym ("Motion"), ECF No. [12]. The Court has carefully reviewed the Motion, the record, applicable law, and is otherwise fully advised.

In the Amended Complaint, Plaintiff alleges willful patent infringement and piracy pursuant to 35 U.S.C. § 101, *et seq*. ECF No. [8]. Plaintiff's Motion notes that websites, such as www.sellerdefense.cn closely monitor counterfeiting and intellectual property infringement lawsuits such as this one. Plaintiff's counsel has cases that are among those flagged by counterfeiters and infringers who are warned to quickly drain their marketplace accounts, clean out their money transfer accounts, change their usernames, and hide their identities to avoid being caught.

Plaintiff therefore argues that he should be permitted to temporarily proceed under a pseudonym in this lawsuit until Defendants' Internet stores and financial accounts are restrained.

Plaintiff maintains that, based on counsel's experience in cases with similar facts, defendants who knew of other plaintiffs' true identities evaded prosecution by blocking access to their websites in the United States, closing their online stores and opening new stores under different identities, and transferring assets into different financial accounts.

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must "name all the parties[.]" *See also In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) ("'Generally, parties to a lawsuit must identify themselves' in the pleadings." (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). Rule 10(a) "does not merely further administrative convenience—'[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *Id.* (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)). But this rule is not absolute; a party may proceed under a pseudonym "only in 'exceptional case[s].'" *Id.* (alteration in original) (quoting *Frank*, 951 F.2d at 323).

The Eleventh Circuit has established a totality-of-the-circumstances test to determine whether a plaintiff may proceed anonymously. *Id.* at 1247 n.5. The plaintiff must establish "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315-16). The court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Plaintiff B*, 631 F.3d at 1316). The first step is three prongs: whether the plaintiff "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* (citing *Plaintiff B*, 631 F.3d at 1316). Two other factors to consider include whether the plaintiff

"faces a real threat of physical harm absent anonymity" and whether the plaintiff's "requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.* (citations omitted).

Here, regarding the first step, none of the three prongs apply. This suit does not involve government activity or Plaintiff's illegal conduct. Nor can it be said that Plaintiff's disclosure of his real name in this patent infringement suit constitutes "information of utmost intimacy," which generally involves issues of birth control, abortion, homosexuality, welfare rights of illegitimate children or abandoned families, personal religious beliefs, and some cases of explicit sexual conduct. *See Plaintiff B*, 631 F.3d at 1316, 1317; *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979). It is also undisputed that Plaintiff faces no threat of physical harm absent anonymity.

The last express factor is whether anonymity results in a "unique threat of fundamental unfairness" to Defendants. *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247. For example, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n*, 599 F.2d at 713. In this case, the Court finds that there is no threat of fundamental unfairness to Defendants in allowing Plaintiff to temporarily proceed under a pseudonym. To the contrary, it is Plaintiff who will potentially suffer economic harm and damage by allowing Defendants— whose personal identities are essentially unknown—to become aware of Plaintiff's identity early enough to allow them to destroy online evidence or evade prosecution.

Allowing Plaintiff to proceed anonymously will not harm the public interest and the Defendants will not be prejudiced if the Court allows Plaintiff to proceed anonymously. Plaintiff has also shown that, unless the Complaint along with its accompanying Exhibits and Schedule

"A," and the Application for Temporary Restraining Order and its accompanying documents are sealed, Defendants will be able to discern which patent is at issue in this action and learn of these proceedings prematurely, the likely result of which would frustrate the purpose of the underlying law and interfere with the Court's power to grant relief.

Here, Plaintiff has shown that the exceptional circumstances of this case warrant allowing him leave to file under a pseudonym. Although the Court appreciates the paramount importance of publicly conducting judicial proceedings, the Court finds that Plaintiff's privacy rights at this early stage of the litigation outweigh the need for Defendants and the public to be aware of Plaintiff's identity. The Court also places significant weight on the fact that Plaintiff seeks to proceed under a pseudonym only temporarily—Plaintiff assures the Court that he will proceed under his real name once Defendants are served and their accounts restrained. Additionally, because it is clear that a foreign entity is monitoring the filings in this specific case in an effort to aid counterfeiters and infringers in evading prosecution, the Court finds that, in this unique situation, Plaintiff should be allowed to temporarily proceed under a pseudonym in the public filings.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion to For Leave to Temporarily Proceed Under a Pseudonym, **ECF No. [12]**, is **GRANTED**. Plaintiff's Motion for Leave to Temporarily Proceed Under a Pseudonym, **ECF No. [4]**, is **DENIED AS MOOT**. Plaintiff is permitted to temporarily proceed under a pseudonym. Plaintiff shall reveal his actual name once Defendants have been served with the Amended Complaint, Summons, and the Temporary Restraining Order, if granted, and the third-party payment processors and online marketplaces have confirmed the restraint of Defendants' assets and suspension of their online stores.

Case No.: 26-cv-21188-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 18, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

5