**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21188-BLOOM/Elfenbein**

**DINGWANG JIA**,

      Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS,**
**AND UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE A**,

      Defendants.

_____/

**<u>SEALED ORDER GRANTING RENEWED *EX PARTE* MOTION FOR</u>**
**<u>ENTRY OF TEMPORARY RESTRAINING ORDER, ORDER RESTRAINING</u>**
**<u>TRANSFER OF ASSETS AND EXPEDITED DISCOVERY</u>**

**THIS CAUSE** is before the Court upon Plaintiff's Renewed *Ex Parte* Application for

Entry of Temporary Restraining Order, Order Restraining Transfer of Assets, and Expedited

Discovery ("Renewed Application for Temporary Restraining Order"), ECF No. [23]. The Court

has carefully considered the Renewed Application for Temporary Restraining Order, the record,

the applicable law, and is otherwise fully advised. For the reasons below, Plaintiff's Renewed

Application for Temporary Restraining Order is granted.

Plaintiff, DINGWANG JIA ("Plaintiff"), applies on an *ex parte* basis for entry of a

temporary restraining order, an order restraining transfer of assets, and expedited discovery against

Defendants, The Individuals, Partnerships, and Unincorporated Associations Identified on

Schedule A (collectively "Defendants").[1]

---

[1] Defendants listed as No. 6 and No. 16 on Schedule A were dismissed. *See* ECF No. [24].

## I.   FACTUAL BACKGROUND

The Court bases this Order on the following facts from Plaintiff's Complaint, Renewed Application for Temporary Restraining Order, and supporting evidentiary submissions.

Plaintiff is the owner of the entire interest of U.S. Patent No. D1,096,386 S entitled "Door Draft Stopper" ("Plaintiff's Patent"), which is registered with the United States Patent and Trademark Office. Plaintiff's Door Draft Stopper is known for its distinctive patented designs. The Door Draft Stopper embodying these designs is associated with the quality and innovation that the public has come to expect from Plaintiff's products. Plaintiff uses those designs in connection with his Door Draft Stopper, including but not limited to, Plaintiff's Patent.

Defendants, through the e-commerce stores operating under their seller storefronts identified on Schedule A, have offered for sale, sold, and distributed products bearing Plaintiff's Patent, the Door Draft Stopper ("Infringing Products") to consumers in this Judicial District and throughout the United States. *See* Declaration of Dingwang Jia ("Plaintiff's Decl.") at ECF No. [23-1] ¶¶ 9-13; Decl. of David P. Reiner, II ("Reiner Decl.") at ECF No. [23-9] ¶ 2.

Plaintiff has submitted evidence to support that Defendants have infringed at least one or more designs of Plaintiff's Patent. *See generally* ECF No. [23]. Specifically, orders were placed on Amazon.com and Walmart.com from Defendants' Seller Storefronts directly or indirectly bearing the designs of Plaintiff's Patent at issue in this action. *See* Plaintiff's Decl. at ECF No. [23-1] ¶¶ 9-13. Defendants have never been authorized to manufacture, sell, or offer for sale its products bearing Plaintiff's Patent. *Id.* ¶ 10.

## II.   LEGAL STANDARD

The Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the

court deems reasonable." 35 U.S.C. § 283. "Requesting equitable relief invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Dongguan Saienchuangke Technology Co., Ltd.*, No. 24-60865-CIV-DAMIAN, 2024 WL 3543696, at *2 (S.D. Fla. June 12, 2024).

In order to obtain a temporary restraining order or a preliminary injunction, a party must establish (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non- movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

## III.    ANALYSIS

The declarations Plaintiff has submitted in support of the Renewed Application for Temporary Restraining Order support the following conclusions.

1.      Plaintiff has submitted sufficient documentation that Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the designs claimed in Plaintiff's Patent. The documentation submitted by Plaintiff shows that an ordinary observer would be deceived into thinking that the Infringing Product was the same as Plaintiff's patented designs.

2.      Because of the infringement of Plaintiff's Patent, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. It appears from the following specific facts, as set forth in Plaintiff's Complaint, Renewed Application for Temporary Restraining Order, and accompanying declarations, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

Case No. 26-cv-21188-BLOOM/Elfenbein

a) Defendants own or control Internet based e-commerce stores and Internet websites operating under their seller storefronts which offer for sale or sell Infringing Products in violation of Plaintiff's rights;

b) There is good cause to believe that more Infringing Products will appear in the marketplace and that Plaintiff may suffer loss of sales for Plaintiff's genuine products; and

c) There is good cause to believe that if Plaintiff proceeds on notice to Defendants of this Renewed Application for Temporary Restraining Order, Defendants can easily and quickly change the ownership or modify domain registration and e-commerce store data and content, change payment accounts, redirect consumer traffic to other seller identification names and domain names, and transfer assets and ownership of the seller storefronts, thereby thwarting Plaintiff's ability to maintain meaningful relief.

3. The balance of potential harm to Defendants in restraining their trade if a temporary restraining order is issued is outweighed by the potential harm to Plaintiff, his exclusive right as to Plaintiff's Patent, and his reputation and goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

4. The public interest favors issuance of the temporary restraining order to protect Plaintiff's respective interests and protect the public from being defrauded by the sale and representation of counterfeit products as Plaintiff's genuine products.

5. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal patent laws, Plaintiff has good reason to believe

Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Renewed Application for Temporary Restraining Order, **ECF No. [23]**, is **GRANTED** as follows:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a)    offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy, or colorable imitation of the designs claimed in Plaintiff's Patent;

    b)    aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patent; and

    c)    effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs a) and b).

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com, Inc. ("Amazon") and Walmart, shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a)  the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

b)  the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces; and

c)  any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors, or other financial institutions, including without limitation, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3.  Upon Plaintiff's request, those with notice of this Order, including Third Party Providers as defined in Paragraph 2, shall within five (5) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using Plaintiff's Patent.

4.  Defendants shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets.

5.  Any Third Party Providers, including PayPal and Amazon Pay, shall, within five (5) business days of receipt of this Order, locate all accounts and funds connected to Defendants'

Seller Storefront and Online Marketplaces, including but not limited to any financial accounts connected to the information listed in Schedule A to the Complaint, restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets.

6. Plaintiff is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34 and 36, related to:

   a)      the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

   b)      the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces.

7. Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within ten (10) business days of being served via e-mail.

8. Plaintiff may provide notice of these proceedings to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail which includes a link to said website. The Clerk of the Court is directed to issue a single summons for Defendants. The combination of providing notice via

electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

10. This Order shall apply to Defendants, associated e-commerce stores and websites, and any other seller identification names, domain names, e-commerce stores, websites, or financial accounts which are being used by Defendants for the purpose of offering for sale, selling, or distributing Infringing Products.

11. Defendants or any financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out herein.

12. This Order shall remain in effect for **fourteen (14)** days from the date of its entry unless extended for good cause. *See* Federal Rule of Civil Procedure 65(b).

13. The Clerk shall file this Order under seal until further order of the Court.

Case No. 26-cv-21188-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 5, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:

Counsel of Record

9