**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-cv-21188-BLOOM/Elfenbein

**DINGWANG JIA,**

      Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A**,

      Defendants.

_____/

## ORDER DENYING PLAINTIFF'S SECOND *EX PARTE* MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER

**THIS CAUSE** is before the Court on Plaintiff's Second *Ex Parte* Motion to Extend the Temporary Restraining Order ("Motion"), ECF No. [43]. The Temporary Restraining Order ("TRO") was entered on May 5, 2026, and expired on May 19, 2026. *See* ECF No. [25]. On May 22, 2026, Plaintiff filed a motion asking the Court to extend the TRO after its expiration. ECF No. [34]. The Court granted Plaintiff's motion in part and extended the TRO to June 2, 2026, a total of twenty-eight (28) days from its initial entry. *See* ECF No. [36]. On May 28, 2026, Plaintiff filed a Motion for a Preliminary Injunction. ECF No. [38]. The Court scheduled a hearing on the Motion for Preliminary Injunction for June 3, 2026, at 10:30 a.m. ECF No. [41]. Plaintiff now seeks to extend the TRO an additional fourteen days, until June 16, 2026. ECF No. [43]. The Court has considered the Motion, the record, the applicable law, and is otherwise fully advised.

Federal Rule of Civil Procedure 65(b)(2) provides that a TRO is "not to exceed 14 days . . . unless before that time the court, for good cause, extends it for a like period[.]" Fed. R.

Civ. P. 65(b)(2). Therefore, under Rule 65(b)(2)'s required timeframe, the TRO may not be extended beyond 28 days from its initial entry. Extending a TRO "beyond the time permissible under Rule 65 should be treated as a preliminary injunction." *Levine v. Comcoa Ltd.*, 70 F.3d 1191, 1193 (11th Cir. 1995).

Here, Plaintiff requests that the Court extend the TRO beyond 28 days "due to the upcoming hearing on Plaintiff's Motion for Preliminary Injunction." ECF No. [43]. Plaintiff states that no Defendant has filed a response to the Motion for Preliminary Injunction, other than one Defendant sending an email to this Court.[1] *Id.* Plaintiff provides no further argument in support of extending the TRO beyond 28 days, and this Court does not find that an extension is warranted. The hearing on Plaintiff's Motion for Preliminary Injunction is set for June 3, 2026, at 10:30 a.m. Plaintiff did not ask this Court to decide the Motion for Preliminary Injunction prior to the TRO's expiration date nor did Plaintiff request that the TRO be extended until the Court rules on the Motion for Preliminary Injunction.[2] *See* ECF No. [38]. Any extension beyond June 2, 2026, converts the TRO to a preliminary injunction. Where Plaintiff has not provided any argument or authority to justify issuing a preliminary injunction prior to the hearing on the Motion for Preliminary Injunction, the Court declines to do so.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [43]**, is **DENIED.**

---

[1] After Plaintiff filed the instant Motion, certain Defendants filed a Response to the Motion for Preliminary Injunction, ECF No. [44], and another Defendant filed a Notice of Appearance, ECF No. [45].

[2] Plaintiff's Motion asserts that no hearing is necessary, but if the Court schedules a hearing, Plaintiff requests it be held virtually. *See* ECF No. [38].

Case No. 26-cv-21188-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 1, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record

3