UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-cv-21188-BB

DINGWANG JIA,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

      Defendants.

_____/

## Defendants' Answer and Affirmative Defenses

Defendants, SYIPO (agent of suyanfushi), SUNOLGA (agent of UBCare), and COMFYANNO (collectively, "Defendants"), by and through undersigned counsel, hereby provide the following Answer and Affirmative Defenses to Plaintiff's Amended Complaint [D.E. 8] and state as follows:

## ANSWER[1]

### NATURE OF THE ACTION

1. This paragraph does not warrant a response.

2. Denied.

### SUBJECT MATTER JURISDICTION

3. Admitted.

4. Admitted for jurisdictional purposes only.

5. Defendants deny all allegations contained herein.

6. Defendants deny all allegations contained herein.

---

[1] The numbered items in the Answer correspond to the numbers contained in Plaintiff's Amended Complaint.

7. Defendants deny all allegations contained herein.

8. Defendants deny all allegations contained herein.

## VENUE

9. This paragraph does not warrant a response.

10. Admitted for the purpose of acknowledging that Defendants are foreign entities. Defendants deny all remaining allegations contained herein.

11. Admitted for the purpose of acknowledging that Defendants are foreign entities.

12. Admitted for the purpose of acknowledging that Defendants are foreign entities.

13. Admitted to the extent Exhibit 1 speaks for itself.

## THE PARTIES

14. Defendants are without information to either confirm or deny the allegations contained herein; therefore, denied.

15. Admitted to the Extent 2 speaks for itself.

16. Admitted for the purpose of acknowledging that Defendants are foreign entities based in China. Defendants deny all remaining allegations contained herein.

17. Denied.

18. Admitted to the extent Exhibit 3 speaks for itself; provided, Defendants deny all allegations contained herein.

19. Defendants are without information to either confirm or deny the allegations contained herein; therefore, denied.

20. Denied.

## FACTUAL BACKGROUND

21. Defendants are without information to either confirm or deny the allegations contained

herein; therefore, denied.

22. Defendants are without information to either confirm or deny the allegations contained herein; therefore, denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT 1 – DESIGN PATENT INFRINGEMENT

31. Defendants incorporate by references of each the responses to Paragraphs 1 – 30 of this Answer as if fully set forth herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any form of relief, including, but not limited to, the relief requested in paragraphs 1 – 5 of Plaintiff's Prayer for Relief as set forth in Plaintiff's Amended Complaint. Defendants deny any and all allegations set forth in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### Affirmative Defense No. 1 (Non-Infringement)

Plaintiff is not entitled to any relief against Defendants, because Defendants have not infringed and do not infringe Plaintiff's Patent.

### Affirmative Defense No. 2 (Patent Invalidity)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's Patent is invalid under 35 U.S.C. § 102(b), because the invention it claims was offered for sale or sold in the United States more than one year prior to the filing date of Plaintiff's Patent application.

### Affirmative Defense No. 3 (Failure to State a Claim)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, due to the fact Plaintiff's Patent is precluded from patentability based upon, *inter alia*, the existence of prior art that has been available for public use and/or commercialized at least one year prior to Plaintiff's Patent application.

### Affirmative Defense No. 4 (Innocent Infringement)

Plaintiff's claims are barred, in whole or in part, because any infringement by Defendants occurred innocently, and not willfully.

### Affirmative Defense No. 5 (Unenforceability Due to Inequitable Conduct Before the USPTO)

Plaintiff's claims are barred, in whole or in part, due to inequitable conduct in filing Plaintiff's Patent application before the USPTO. By filing the application, Plaintiff is attempting to obtain a monopoly on an invention that Plaintiff is aware already existed/exists in the public domain. Due to the existence of numerous prior art products – each of which were commercially and publicly available prior to the critical date of Plaintiff's Patent – it is evident that Plaintiff's Patent must be invalidated as a matter of law.

**Affirmative Defense No. 6 (Estoppel and Laches)**

Plaintiff's claims are barred, in whole or in part, as third parties have sold and/or are continuing to sell the same products similar to Plaintiff's Patent since 2020, which predates Plaintiff's Patent application (filed in 2023). On information and belief, Plaintiff has been aware of third parties sales of such products since at least 2020.

**Affirmative Defense No. 7 (Unclean Hands)**

Plaintiff's claims are barred under the doctrine of unclean hands, as Plaintiff's Amended Complaint is filed in bad faith due to Plaintiff's inequitable and/or unjust conduct in filing Plaintiff's Patent application despite Plaintiff knowing of existing prior art precluding the validity of Plaintiff's Patent.

**Affirmative Defense No. 8 (Defendants Not Responsible for the Conduct of Third Party Actors)**

Plaintiff's claims must be dismissed, in whole or in part, against Defendants, because Defendants are not responsible or liable to Plaintiff for the actions of third parties over which Defendants have no control.

Dated:          June 8, 2026                    Respectfully submitted,

**HEITNER LEGAL, P.L.L.C**
*Attorney for Defendants*
By: /s/ Alan Mensa-Wilmot
Alan Mensa-Wilmot (Fla. Bar No. 117840)
215 Hendricks Isle
Ft. Lauderdale, Florida 33301
Telephone: (954) 558-6999
E-mail:  alan@heitnerlegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2026, a true and correct copy of the foregoing was electronically filed using CM/ECF, which serves electronic notice on all counsel of record and registered CM/ECF users.

By: /s/ Alan Mensa-Wilmot