UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-cv-21188-BLOOM

DINGWANG JIA,

      Plaintiff,

          v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A

      Defendants.
_____/

## HYHA'S MOTION TO QUASH SERVICE OF PROCESS

Defendant HYHA, by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(5), and in furtherance of the colloquy between Defendant and the Court during the June 3, 2026 hearing[1], hereby moves to Quash Service of Process and in support of its motion states as follows:

## PRELIMINARY STATEMENT

This Court lacks jurisdiction over Defendant HYHA because service of process did not comply with the Hague Convention.  Plaintiff's attempt to serve HYHA by email violates the Hague Convention. Without proper service, this Court does not have jurisdiction over HYHA and cannot properly enter any preliminary injunctive relief.

---

[1] During the June 3, 2026, hearing on Plaintiff's motion for preliminary injunction, counsel for HYHA explained to the Court that Defendant would file as a separate motion, its defense included in Defendant's opposition to the motion for preliminary injunction, that service of process was improper. *See* ECF No. 51.

BACKGROUND

Defendant HYHA, is 义乌市四泽电子商务有限公. In English, it is "Yiwu Size E-Commerce Co., Ltd." It is organized under the laws of China, a signatory country to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Treaty"). Yiwu Size E-Commerce Co. Ltd., does business under the brand name HYHA on Amazon. HYHA was formed in 2019 and operates in Yiwu City, a well-known e-commerce hub in China, close to the world-famous Yiwu International Trade City a/k/a Yiwu Wholesale Market.

HYHA sells hundreds of products on Amazon under the HYHA brand, including waterproof outdoor cushion covers, waterproof pet blankets, fuzzy couch covers for pets, pillow covers, and door draft stoppers. When registering with Amazon, HYHA provided its company name and its physical address. The address provided appears on the Amazon store page (Ex 1 to Am. Compl.) (Dkt 16-2) along with the pinyin[2] version of HYHA's company name.

Contrary to Plaintiff's repeated claims that HYHA "conceals" its identity, *see, e.g.,* Am. Compl. ¶ 2 ("Defendants . . . conceal . . . their identities"), ¶ 23 ("[t]actics used by Defendants to conceal their identities," ¶ 24 ("Defendants go to great lengths to conceal their identities"), ¶ 25 ("Seller Aliases . . . lack contact information."), HYHA's information is disclosed and easily accessible to the public and to Plaintiff, who also found it. *See* Renewed *Ex Parte* Motion For Order Authorizing Alternate Service Of Process On Defendants Pursuant To Federal Rule Of Civil Procedure 4(F)(3) And Incorporated Memorandum Of Law (Dkt 22) (hereinafter referred to as "Email Motion") at 4. The address provided to Amazon and appearing on the HYHA store page is

---

[2] Pinyin are Romanized Chinese characters – the transliteration of Chinese words into English. *See, e.g., Nike v. Wu,* No. 13 Civ. 8012 (CM) 2020 U.S. Dist. LEXIS 9102, at *26 (S.D.N.Y. Jan. 17, 2020).

2

accurate. Lai Decl. ¶¶ 13, 15 (attached as Ex A). Contrary to the claim in that motion, the address is not "incomplete."

**ARGUMENT**

The Court should quash service of process on HYHA. Under Federal Rule 12(b)(5), a defendant may challenge the adequacy and method of service of process. *See* Fed.R.Civ.P. 12(b)(5) (stating that "insufficient service of process" may be challenged by motion.) The remedy on a successful Rule 12(b)(5) motion is to quash prior service of process and enter a date by which plaintiff should effect compliant service of process. E.g., *Pepke v. Florida Department of Families*, No. 18-cv-60432, 2018 U.S. Dist. LEXIS 113342, at *7 (S.D. Fla. July 6, 2018).

**I.      Email Service of Process is Not Valid Under the Hague Service Convention.**

HYHA is a Chinese brand e-seller on Amazon. The exhibits to the Complaint show HYHA's address in China. Both the United States and China are contracting parties to the Convention. China acceded to the Convention on July 3, 1991, with effect from May 1, 1992. Under Article 2 of the Convention, China designated the Ministry of Justice of the People's Republic of China as Central Authority to receive and process service requests from foreign courts and parties. Service on a Chinese defendant must therefore proceed through the Central Authority – or through another channel specifically authorized by the Convention and not objected to by China.

**A.  The Hague Service Convention Applies and Is Mandatory.**

The Hague Service Convention "applies in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Service Convention, Art. 1. When the Hague Convention applies, compliance is mandatory. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). Every Circuit Court of Appeals to address the issue (including the Seventh Circuit just days ago) has reached the same result. *See Kangol v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.,* No. 25-2205, 2026 U.S. Appl.

3

Lexis 217141 (7th Cir. May 29, 2026); *Smart Study v. Shenzen Shixin Dajixieyou Xian Gongsi*, 164 F.4th 164, 166-67 (2d Cir. 2025); *SEC v. Lahr*, 2024 U.S. App. LEXIS 18170 (3d Cir. 2024).

### B.  Methods of Service Not Expressly Permitted are Prohibited.

Because the Hague Service Convention is mandatory and exclusive, any method not expressly included is prohibited. *See, e.g., Kangol*, 2026 U.S. App. Lexis 217141 at *13-14; *Smart Study*, 164 F.4th at 170. "According to the Supreme Court, this 'mandatory language' provides a 'model exclusivity provision,' indicating that the Convention describes all permissible service methods and 'exclude[s] all other existing practices.'" *Kangol*, 2026 U.S. App. LEXIS 15376, at *13 (citing *Société Nationale Industrielle Aérospatiale v. U.S. D. Ct. for the S.D. of Iowa*, 482 U.S. 522, 534 & n.15 (1987)). "The Hague Convention's language and the Supreme Court's understanding of that language make clear that—where the Convention applies—it sets out the permitted methods of service and excludes all others." *Id.* Because email is not an enumerated method of service, the Hague Service Convention generally prohibits it.

### C.  China Has Objected to Alternative Service Channels, Including Email Service.

Even if the Court rejected the Hague Convention's exclusivity, China has objected to email in its objection to "postal channels" under Article 10. Properly read, Article 10's "postal channels" would include email. Although no country is obligated to object to methods not set forth in the Hague Service Convention, it is proper to construe objection to Article 10's "postal channels" as an objection to email service. *See Smart Study,* 164 F.4th at 170.

Article 10 of the Convention allows certain alternative methods of service such as postal channels and direct service through judicial officers only in contracting states that do not object. *Smart Study*, 164 F.4th at 166-67, 170 (citing Declarations of the People's Republic of China). China has objected to all Article 10 alternative service methods. *Id.* As a result, no alternative service channel under Article 10 is available for defendants like HYHA, who are located in China.

The 2024 Special Commission also expressly recognizes that email falls within Article 10(a)'s reference to "postal channels":

> 105      The SC noted that Article 10(a) includes transmission and service by e-mail, insofar as such method is provided by the law of the State of origin and permitted under the law of the State of destination. The SC reiterated that service by e-mail under Article 10(a) must meet the requirements established under Article 1 of the Convention, in particular that the addressee's physical address in the State of destination is known. The SC noted that e-mail domains are not sufficient for locating the person to be served under Article 10(a).

Special Commission Conclusions and Recommendations (Ex C at 11). "The Special Commission also confirms that an objection to service through postal channels is, *ipso facto*, an objection to service by email." *See* Ted Folkman, *A Big Step Forward for Service by Email under the Hague Service Convention* (Jul. 18, 2024) (available at https://perma.cc/7TEQ-6Q6M).

### D.  Rule 4(f)(3) Does Not Provide an End Run Around the Hague Convention.

Rule 4(f)(3) permits service only by means "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Methods not expressly provided are prohibited. *See Kangol, supra* at *14. In its Email Motion, Plaintiff argued that "Rule 4 does not require" service attempts under subsections (1) and (2) before seeking leave under (3). *See* Email Mot. at 8 (citing *Rio Properties v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). It is technically correct that there is not a "hierarchy" as between 4(f)(1), (2), and (3). But under Rule 4(f)(3), methods that are not permitted are not an option. So, whether there is a "hierarchy," does not answer the question whether such a request would be proper under 4(f)(3). And, *Rio Properties* does not undermine this conclusion and is wildly off the mark. It involved a Costa Rican, not Chinese company. Unlike here, both parties in *Rio* "agree[d] that the Hague Convention does not apply . . . because Costa Rica is not a signatory." *Id.* at 1015 n.4. Because email is prohibited by international agreement, regardless of hierarchy or not, 4(f)(3) is not available here by its plain terms.

E.  **The Article 10 Cases Plaintiff Cited are Mostly Based on District Court Authority that Has Been Overruled or that Trace Back to these Now-Overruled Cases.**

Plaintiff's Email Motion cites to many cases in support of its argument that objection to Article 10's "postal channels" is not an objection to email service. With a few exceptions, however, the overwhelming majority of these cases outside of the Second Circuit still trace their lineage and support to decisions of the Southern District of New York, all of which have since been overruled by *Smart Study*, 164 F. 4th at 170 ("Other district courts, including some within this Circuit, have held that the term 'postal channels' does not cover email service . . . but this interpretation clearly misconstrues the Convention").

Indeed, several of the cases Plaintiff cited had been overruled by *Smart Study* and were not even good law when they were cited as authority to this Court. *See* Email Motion at 13 (*citing Fed. Trade Comm'n v. PCCare247*, Inc., No. 12 Civ. 7189, 2013 U.S. Dist. LEXIS 31969, at *11 (S.D.N.Y. Mar. 7, 2013); *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011)). Plaintiff cited both *PCCare247* and *Gurung* for the proposition that a court can authorize service by any means not mentioned in Article 10 even over a country's objection to Article 10. Email Mot. at 14. The Second Circuit in *Smart Study* expressly rejected that principle.

Other cases Plaintiff cites are inapplicable to the issue under the Hague Service Convention. *See,* Email Mot. at 7-8, 13 (citing *Brookshire Bros., Ltd. v. Chiquita Brands Int'l,* Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (involving Ecuadorian defendants under the Inter-American Service Convention, not the Hague to which Ecuador is not a signatory country); *Rio Props.*, 284 F.3d at 1014 (Costa Rican defendants where Costa Rica was not a Hague signatory); *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 692 (S.D. Fla. Jan. 11, 2012) (mail not email to Canadian defendants, where Canada has not objected to Art. 10, and Vietnamese defendants, where Vietnam is not a Hague signatory country); *Richmond Techs. v. Aumtech Business Solutions*, No.

6

11-CV-02460-LHK, 2011 U.S. Dist. Lexis 18355 (N.D. Cal. July 1, 2011) (Indian defendant was not served in India but in the United States on its agent)).[3] These cases are at most *dicta* commenting on what other courts have done.

### F.   This Courts' Prior Email Decisions Rely on Authority That Has Since Been Overruled.

While this Court has ruled several times in the past that email service is permitted under the Hague Service Convention, HYHA respectfully submits that it is an appropriate time to reexamine those decisions. Nearly all of them trace their lineage to decisions from the Southern District of New York, which are no longer good law. They are also against the growing weight of federal appellate authority on the issue. As one example, Plaintiff cites this Court's decision in *Albion Brand Foundry Ltd. v. P'ships,* No. 25-cv-24009-BLOOM/Elfenbein, 2025 U.S. Dist. LEXIS 257002, at *2-3 (S.D. Fla. Sep. 22, 2025), where this Court permitted email service in a Schedule A case on Chinese defendants. *Id.* This Court decided *Albion* roughly a month before *Smart Study,* and cited for support of the principle that objection to Article 10 did not amount to objection to email the two cases noted below:

- *Gurung v. Malhotra,* 279 F.R.D. 215, 219 (S.D.N.Y. 2011) and

- *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.,* No. 15-cv-20590, 2015 U.S. Dist. LEXIS 122000, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015).

The Second Circuit's Smart Study case overruled *Gurung,* which is no longer good law on this point. *See Smart Study,* 164 F.4th at 170. The Seventh Circuit in *Kangol* came to a similar conclusion. *See*

---

[3] To be sure, there are district court decisions that exist that have held either that the Hague Service Convention does not prohibit email service because it does not mention email service and/or that Article 10's "postal channels" do not include email, but HYHA respectfully submits that those cases were wrongly decided in light of Supreme Court precedent, the language, structure, and purpose of the Hague Service Convention, against the weight and unaninity of Appellate Court authority, and against the trend as more defendants push back on previously-unchallenged arguments in *ex parte* filings.

*Kangol*, 2026 U.S. App. Lexis 217141 at *17 ("the Convention bars unspecified means of service" like email).

The *Stat Med. Devices* case involved Polish, not Chinese defendants, and cited the Ohio case of *Lexmark Int'l v. Ink Techs Printer Supplies*, 295 F.R.D. 259 (S.D. Ohio 2013), which in turn relied on two Southern District of New York cases, both since overruled by *Smart Study. Id.* (citing *Fed. Trade Comm'n v. PCCare247,* No. 12 Civ. 7189, 2013 U.S. Dist. LEXIS 31969, at *11 (S.D.N.Y. Mar. 7, 2013) and *Gurung, supra*).

This Court has reached the issue in other reported cases, but each of those relies, as *Albion* did, on *Stat Med* and *Gurung. See Shuangxi Zhang v. Individuals*, No. 26-cv-20013-BLOOM/Elfenbein, 2026 LX 277688 (S.D. Fla. Jan. 20, 2026); *Bridlington Bud Ltd. v. P'ships,* No. 25-cv-24042-BB, 2025 LX 510994 (S.D. Fla. Sep. 22, 2025). While this Court's decision in *Shuangxi* post-dated *Smart Study*, the motion for service was, as here, brought *ex parte* and it does not appear that any party brought the *Smart Study* decision or this Court's prior reliance on since-overruled authority to the Court's attention. See No. 26-cv-20013-BLOOM/Elfenbein (Dkt 14) (*citing, inter alia Gurung* without noting that it had been overruled) (attached as Ex B).

In an earlier series of cases this Court relied on *Karsten Mfg. Corp. v. Store*, No. 18-61624-CIV, 2018 U.S. Dist. LEXIS 225682, 2018 WL 8060707, at *1 (S.D. Fla. July 26, 2018), in support of the same conclusion. The *Karsten* case in turn relied on both *Statmed* and *Gurung*, whose lineage is noted above. *See, e.g., Echo Dev't v. Individuals,* No. 25-cv-21165-BLOOM/Elfenbein, 2025 LX 360824 (S.D. Fla. Mar. 18, 2025) (relying on Karsten); *Smith v. Individuals,* No. 25-cv-20448-BLOOM/Elfenbein, 2025 LX 308015 (S.D. Fla. Feb. 12, 2025) (same). *Wright v. Individuals*, No. 23-cv-24437, 2023 U.S. Dist. LEXIS 210781, at *3 (S.D. Fla. Nov. 27, 2023) (same); *Fume v. Shenzen Youme Information Tech.*, No. 21-cv-22660, 2021 U.S. Dist. LEXIS 196753, at *3 (S.D. Fla. Oct. 13, 2021) (same). In sum, both cases cited by Plaintiff and this Court's prior decisions rely

8

heavily on since-overruled Southern District of New York cases. HYHA respectfully submits that those prior decisions should be reexamined in light of the trend in authority finding the Hague Service Convention exclusive, and preempting all methods that are not specifically enumerated or alternatively, finding that objection to Article 10 "postal channels" is an objection to email, as the Special Commission found.

### G.  HYHA's Address Was Known, So the "Not Known" Exception Does Not Apply.

Plaintiff cannot avail itself of the "address not known" exception. The Hague Service Convention itself acknowledges that if a defendant's address is not known, its service methods are no longer exclusive. But HYHA's address *is* known so the exception does not apply.

It is the Plaintiff's burden to show that an address is "not known." *E.g., Mendoza v. PGT Trucking*, No. 1:18-CV-0432-LY-ML, 2019 U.S. Dist. LEXIS 199769, at *10 (W.D. Tex. Apr. 29, 2019). HYHA provided its address on its Amazon seller profile. *See* Lai Decl. ¶ 13 Plaintiff knew this and indeed attached evidence showing this to its Complaint. *See* Am. Compl. Ex. 1 at 5 (Dkt 16-1). It is HYHA's actual address and matches the address HYHA provided to Chinese authorities when registering its business. *Id.* ¶ 5. HYHA listed its Chinese business name as well as its address on its Amazon seller page. *See* Am. Compl. Ex. 1 at 5 (Dkt 16-1). Plaintiff knew this and provided that same address in its *Ex Parte* Renewed TRO Motion. (Dkt 4):

| No. | Defendant | Address |
|-----|-----------|---------|
| 1 | Fivebop | 秀屿区湄洲镇寨下村谢厝38号莆田市福建351100 CN |
| 2 | Fiwochic d/b/a XeuLei | 岳麓区望城坡街道玉兰路577号达美苑3栋4栋塔楼，3栋4栋裙楼及地下室1706 长沙市湖南省410000 CN |
| 3 | HAILM | 离石区凤山街道滨河北西路101号大万源18层3号 吕梁市山西033000 CN |
| 4 | HomeProtect d/b/a wmwmwm | 孔村一区25幢1单元402 义乌市江东街道浙江省322000 CN |
| 5 | hyha | 莲塘二区7幢3单元307室金华市义乌市北苑街道浙江省322000 CN |

Because the "not known" exception does not apply service requirements remain governed by the Hague Service Convention, which prohibits email service on Chinese defendants. Service by email from a party (not the Central Authority) is not a permitted method of service in China under the treaty and therefore not allowed under the plain language of Rule 4(f)(3).

The Plaintiff's real argument appears to be not that the address is unknown, but that the known address must somehow be fake or "incomplete." Even though it knows HYHA's business address, Plaintiff claimed that it is "unable to serve each Defendant at the address Plaintiff has on file as the addresses are incomplete." *See* Email Mot at 4. As support for this, Plaintiff cites a law journal article stereotyping and claiming what "Chinese businesses" supposedly do, not what HYHA actually does. There are numerous problems with this.

First, this is false as to HYHA. This is HYHA's actual address. It is the same address used to register its business with Chinese Authorities. *See* Lai Decl. ¶¶ 5-6. These are facts that could easily be verified by searching publicly-available databases in China. *Id.* ¶¶ 16-19. Second, the claim that the address is "incomplete" is itself incomplete – lacking any citation to facts or authority concerning HYHA specifically. Third, to the extent that it attempts to smear HYHA by lumping it in with "Defendants [who] operate their illegal businesses" and "infringers and counterfeiters" *see*

Email Mot. at 4 n.3 (Dkt 22), such "evidence" violates Federal Rule of Evidence Rule 404 and should not be considered. Plaintiff's cite to the journal article tries to smear HYHA's character and then prove conduct in conformity with that character, which is expressly forbidden under Rule 404. *See* Fed. R. Evid. 404(a); *cf. United States v. Hernandez-Cuartas,* 717 F.2d 552, 555 (11th Cir. 1983) (rejecting use of "drug courier profile" evidence to provide reasonable suspicion of what a particular individual suspected of being a drug courier actually did).

Fourth, courts have rejected generalized characterizations of defendants' addresses without support. See *Luxottica Group,* 2019 U.S. Dist. LEXIS 93466 at *8 ("generalized assumptions about the invalidity of an address do not satisfy the 'reasonable diligence' requirement"); *Naughtys LLC v. Doe,* No. 4:21-cv-00492-O, 2021 U.S. Dist. LEXIS 179146, at *6 (N.D. Tex. July 2, 2021) ("Plaintiff's contention that Defendants' addresses are "unknown" because Plaintiff believes the addresses provided are not "real" or are otherwise "impossible" to understand is without merit."). To avail itself of the "address unknown" exception to the Hague Service Convention, the Plaintiff must show "reasonable diligence" in trying to find a physical address. *See Kangol,* 2026 U.S. App. Lexis 217141 at *11; *Luxottica Gp. v. Schedule A Defs.,* No. 18 CV 2188, 2019 U.S. Dist. LEXIS 93466, at *4 (N.D. Ill. June 4, 2019). Plaintiff has failed to show any diligence in locating HYHA's physical address let alone reasonable diligence. Because the Plaintiff did not follow the Hague Convention and did not show why it should be disregarded, this Court never obtained personal jurisdiction over HYHA, and all actions taken against it were procedurally improper and constitutionally deficient.

## CONCLUSION

Email service is not permitted under the Hague Service Convention because HYHA's address is known. Service by email and publication to a website is therefore not valid. This Court should quash service on HYHA.

Therefore, Defendant HYHA respectfully requests that this Court quash service of process and enter judgment in HYHA's favor and for such other relief as the Court deems just and proper.

<u>Compliance with Local Rule 7.1(a)(3)</u>

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: June 8, 2026                                 Respectfully submitted,

By: /s/William R. Trueba, Jr.
     William R. Trueba, Jr.
     Florida Bar No.: 117544
     wtrueba@avilalaw.com
     Darlene Barron
     Florida Bar No.: 108873
     dbarron@avilalaw.com

     AVILA RODRIGUEZ HERNANDEZ MENA & GARRO LLP
     2525 Ponce de Leon Boulevard
     Penthouse 12th Floor
     Coral Gables, Florida 33134
     Telephone: (305) 779-3560

     Michael R. La Porte (*Pro Hac Vice*)
     Illinois ARDC No. 6237510
     mlaporte@dbllawyers.com

     DUNLAP BENNETT & LUDWIG, PLLC
     333 N. Michigan Avenue, Suite 2700
     Chicago, IL 60601
     Telephone: (312) 551-9500

     *Attorneys for Defendant,*
     *HYHA, identified as*
     *Yiwu Size E-Commerce Co., Ltd*

12