**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:26-cv-21188-BB**

**DINGWANG JIA,**

      Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A**,

      Defendants.

_____/

**PLAINTIFF'S VERIFIED RESPONSE TO DEFENDANT HYHA'S
MOTION TO QUASH SERVICE OF PROCESS (DE 68)**

Plaintiff, by and through undersigned counsel, hereby files this Response to Defendant No. 5's ("HYHA") Motion to Quash Service of Process (DE 68) ("Motion"), and states:

**STANDARD OF REVIEW**

"Motions to quash filed pursuant to Rule 12(b)(5) challenge the sufficiency of service." *Aguila v. RQM+ LLC*, CASE NO. 23-24702-CIV-DAMIAN, 2025 WL 2322438, at *3 (S.D. Fla. Aug. 12, 2025). "Generally, the serving party bears the burden of proving validity of service." *Id.* at 4. "When a defendant challenges the validity of service of process, however, courts effectively apply a burden-shifting framework." *Id.* "First, when a defendant challenges the validity of service, he 'must describe with specificity how the service of process failed to meet the procedural requirements of Federal Rule of Civil Procedure 4.'" *Id.* (quoting *Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009)). "If the defendant successfully challenges service of process, the burden shifts to the plaintiff to set forth a prima facie case of proper service." *Aguila*, 2025 WL 2322438, at *4 (citing *Hollander*, 2009 WL 3336012, at *3). "If the plaintiff provides prima facie evidence of

proper service, the burden then shifts back to the defendant to 'bring strong and convincing evidence of insufficient process.'" *Aguila*, 2025 WL 2322438, at *4 (quoting *Hollander*, 2009 WL 3336012, at *3). "In determining whether the plaintiff properly effectuated service of process, a court may look to affidavits, depositions, and oral testimony submitted by both parties. *Aguila*, 2025 WL 2322438, at *4 (citing *Hollander*, 2009 WL 3336012, at *3).

**ARGUMENT AND INCORPORATED MEMORANDUM OF LAW**

**I.      SERVICE SHOULD NOT BE QUASHED UNDER RULE 12(b)(5)**

On May 5, 2026, this Court entered an Order Authorizing Alternate Service of Process (DE 25) in which the Court ordered that:

> Plaintiff is permitted to serve the Complaint, Summons, and all other filings and discovery in this matter upon each Defendant:
> a. via email by providing the address to Plaintiff's designated website to Defendants via the e-mail accounts provided by each Defendant as part of the data related to its e-commerce store, including customer service e-mail addresses and onsite contact forms, or by the e-commerce platform e-mail for each of the e-commerce stores; and/or
> b. by sending a message to each Defendant through the messaging service that the marketplace uses to communicate with its sellers containing a link to a drive where the Complaint, Summons, and all filings can be accessed and downloaded; and/or
> c. via website by publicly posting a copy of the Complaint, Summons, and all filings in this matter on Plaintiff's designated website.

(DE 25, Section III, ¶2). Defendant HYHA has ***not*** moved for reconsideration or to vacate that Order Authorizing Alternate Service of Process.

On May 18, 2026, Plaintiff served the Defendants in this action in full compliance with the Court's Order Authorizing Alternate Service of Process, and filed a Return of Service certifying that service was effected "through e-mail using e-mail addresses provided by the platforms and providing the designated webpage to the listed Defendants pursuant to the Court Order Authorizing Alternative

2

REINER & REINER, P.A.

ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

Service of Process (DE 25)." (DE 27). Defendant HYHA is **not** challenging[1] whether Plaintiff's service of process fully complied with the Court's Order Authorizing Alternate Service of Process – although that is the purpose of Rule 12(b)(5). See, e.g., *Aguila*, 2025 WL 2322438, at *3-4; *Hollander*, 2009 WL 3336012, at *3; *Goia v. Metrocity Bank*, Case No. 1:24-CV-4402-ELR-WEJ, 2025 WL 947034, at *3 (N.D. Ga. Jan. 30, 2025) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint.") (quoting Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1353 (4th ed.)).

Defendant HYHA's Rule 12(b)(5) Motion merely opposes the Plaintiff's Ex Parte Motion for Order Authorizing Alternative Service (DE 22), which the Court has granted (DE 25) and which the Plaintiff has fully complied with (DE 27). Defendant raises no **procedural** challenge to service of process, and therefore Rule 12(b)(5) is not the appropriate vehicle for the substantive arguments raised.

## II.    SERVICE OF PROCESS WAS PROPER

Even considering the arguments raised, HYHA's Motion should be denied. The Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") does not apply because HYHA's address was unknown at the time of service. Further even if it applies, the Hague Convention is not an international agreement which **prohibits** service by email.

### A.    HYHA's Address was Unable to be Verified and was Unknown

HYHA's Amazon seller profile contains the following information:

---

[1] HYHA's prior motion asserted (incorrectly) in footnotes (DE 51, fn.5 and fn.12) that the service website was incomplete or was otherwise missing documents, thus raising a procedural service issue under Rule 12(b)(5); however, that argument has seemingly been withdrawn in its re-filed Motion (DE 68).

## Detailed Seller Information

**Business Name:** yiwushisizedianzishangwuyouxiangongsi
**Business Address:**
莲塘二区7幢3单元307室
金华市
义乌市北苑街道
浙江省
322000
CN

https://www.amazon.com/sp?ie=UTF8&seller=A28Q53HFQEQ1C8&asin=B0DH4P4RJ7&ref_=dp _merchant_link&isAmazonFulfilled=1. Plaintiff attempted to verify this information based on upon this and other information available to it, but was unable to do so despite due diligence.

First, the only *official* database available for the verification of a (mainland) Chinese company's status and information is the China Mainland Business Registry (https://www.gsxt.gov.cn/).[2] In order to perform a search of the China Mainland Business Registry, a person requires one or more of the following: (1) the *official* Chinese (simplified) name of the company, (2) a unified social credit code, or (3) the company's registration number.

As noted in HYHA's Motion (DE 68, pg. 2, fn.2), its provided name on Amazon is not the official Chinese name necessary for verification, but rather the "pinyin" version (a literal phonetic-type translation). When that name ("yiwushisizedianzishangwuyouxiangongsi") is entered in Google translate, the translation results in "Yiwu Size E-commerce Co., Ltd." which HYHA now avers to be its correct English name. However, when Google translating that English name back into official Chinese (simplified) in order to yield the characters necessary to perform a verification on the China Mainland Business Registry, the translation results in 义乌市赛格电子商务有限公司. For

---

[2] HYHA now asserts that certain unofficial third-party websites (Tianyancha and Aiqicha) are publicly-available databases that can be utilized for verification purposes. This is incorrect, as both such webpages provide an error message to the effect that, based on current legal regulations, access to the website is not supported in the U.S. See https://www.tianyancha.com/ and https://www.aiqicha.com/.

4

comparison, HYHA's now-asserted official Chinese name is 义乌市四泽电子商务有限公 – evident therein, the 4th and 5th characters are different, and there is an additional last character. When the former was translated back again to English for confirmation purposes, the translation results in "Yiwu Saige E-commerce Co., Ltd." Undersigned's firm additionally employs a premium translation service (DeepL - https://www.deepl.com/). When the foregoing process is repeated in that translation service, the official Chinese name displays as 义乌市智易电商有限公司, of which the English equivalent is "Yiwu Zhiyi E-commerce Co., Ltd." As averred by HYHA's representative, the foregoing underlined word of these company names is the sole part of a Chinese corporate name which uniquely identifies the company (the rest of the words being part of China's requisite corporate naming conventions) (DE 51-2, ¶4). A Google search of "Yiwu Size E-commerce Co., Ltd." returns only an Alibaba storefront for "Yiwu Sizhe E-commerce Co., Ltd.", and a Google search of "Yiwu Size E-commerce Co., Ltd. amazon" did not lead to HYHA's Amazon storefront.

In other words, unless the *official* Chinese company name – the exact one used in registration with the Chinese authorities – was provided by HYHA on Amazon, Plaintiff was unable to verify HYHA's *name* in order to perform an official search on the China Mainland Business Registry to confirm its status and address (the unified social credit code and registration number were not publicly available).  Most importantly, as a result of the inability to perform an official search of the China Mainland Business Registry, the identity of HYHA's ***legal representative*** could not be ascertained. See Hague Convention, Article 1 ("This Convention shall not apply where the address of ***the person to be served*** with the document is not known.") (emphasis added). A Chinese company's legal representative is identified only in its official business license (see DE 68, Ex B and C) which is only obtainable from the China Mainland Business Registry.

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

In absence of a name, Plaintiff attempted searching HYHA's listed address verbatim. A Google search returns only two webpages: (1) https://jz.yiwugo.com/warning/detail.html?id=453806, and (2) http://www.xinexpress.com/Com/HGH-YiWu-BYU.html. The former website is a public notification from the Economic Crime Investigation Division of Yiwu Public Security Bureau which details recent (September-November 2025) crackdowns on companies registered in Yiwu, China which are fake or provided false and incorrect addresses and information in their official filings. The latter website contained a list of "freight forwarding companies" in Yiwu's province. Neither website contained any concrete information identifying HYHA or its address.

Plaintiff was therefore unable to confirm HYHA's official corporate name and was unable to find any records of its address – more so, even if the address was valid on its own, Plaintiff was unable to determine if HYHA was actually located at said address (which is another form of invalidity or incompleteness).

The foregoing due diligence and verification efforts raised numerous red flags and Plaintiff determined that HYHA's address was unknown, such that the Hague Service Convention did not apply.[3] See, e.g., *Chanel v. Zhixian*, No. 10–CV–60585, 2010 WL 1740695, at *2 (S.D. Fla. April 29, 2010) (finding the Hague Service Convention did not apply where plaintiff "has attempted to verify Defendant's addresses and has determined that each address is 'false, incomplete, or invalid for service of process.'"). The Court should conclude that HYHA's address was unknown at the time of service despite due diligence.

HYHA's representative's recent provision of information (namely, HYHA's official Chinese name, and an averment that HYHA's address is accurate and complete) does not alter the

---

[3] However, given the multiplicity of Defendants, Plaintiff's Motion for Alternate Service (DE 10) primarily relied upon the inapplicability of the Hague Service Convention to service by email, for the sake of brevity.

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

Plaintiff's inability to obtain and verify said information as of the time of service. Given the foregoing, HYHA's address (and identity) was unknown at the time of service such that the Hague Service Convention did not apply to HYHA.

**B.    Even if the Hague Service Convention Applies, There is No Binding Authority on this Court Which Warrants a Departure from Precedent, and There is Ample Authority that Article 10 Does Not Apply to Emails**

HYHA argues that because the Second and Seventh Circuits have determined that Article 10 of the Hague Service Convention applies to service by e-mail, this Court should reconsider its prior ruling authorizing alternate service and determine this jurisdictional split here and now. Where the Eleventh Circuit has not weighed in on this issue, Plaintiff asserts that there is no basis to overturn the longstanding precedent in this and other districts. See, e.g., *Abercrombie & Fitch Trading Co. v. 7starzone.com*, Case No. 14–60087–CIV–COOKE/Turnoff, 2014 WL 11721486, at *2 (S.D. Fla. March 11, 2014) ("the Hague Convention does not specifically preclude e-mail service. Likewise, service via e-mail does not appear to be prohibited by the law of the People's Republic of China."); *S.A.S. Jean Cassegran v. accessoiresnet.info*, CASE NO.: 17-61593-CV-MIDDLEBROOKS/HUNT, 2017 WL 10742773, at *4 (S.D. Fla. September 27, 2017) ("Despite China's objection, '[e]mail service has been approved even where ... the country objects to Article 10 of the Hague Convention.'"; *Mediapro US Production Services v. 8 Clanes*, Case No. 23-cv-24590-JB, 2024 WL 5471432, at *3 (S.D. Fla. Sept. 24, 2024) (stating in dicta that Hague Service Convention does not prohibit service by email); see also *WhosHere, Inc. v. Orun*, Civil Action No. 1:13-cv-00526-AJT-TRJ, 2014 WL 670817, at *3 (E.D. Va. Feb. 20, 2014) (permitting email service because "Turkey has not specifically objected to service by email"); *Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, Civil Action No. 2:13-CV-458, 2013 WL 1644808, at *1 (W.D.

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

Pa. Apr. 16, 2013) (allowing email service because the court was "not aware of any international agreement or Russian law that prohibits service by email in this instance").

Defendant also argues that *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) is unpersuasive because it was decided at a time when Costa Rica was not a signatory to the Hague Service Convention. However, courts in the Ninth Circuit have nevertheless applied *Rio* in cases involving signatories to the Hague Service Convention such as China. See *Williams–Sonoma Inc. v. Friendfinder, Inc.*, No. C 06–06572, 2007 WL 1140639, at *1–2, (N.D. Cal. Apr. 17, 2007) (service by e-mail not prohibited by Hague Service Convention); *Facebook, Inc. v. Banana Ads, LLC*, No. C–11–3619, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (same); *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, Case No. 18-cv-00297-BAS-BGS, 2019 WL 246562, at *2 (S.D. Cal. Jan. 17, 2019) (finding that China's Article 10 objection does not include email and allowing email service under Federal Rule of Civil Procedure 4(f) because it is not "prohibited by international agreement"); *WeWork Cos. Inc. v. WePlus (Shanghai) Tech. Co.*, Case No. 5:18-CV-04543-EJD, 2019 WL 8810350, at *2 (N.D. Cal. Jan. 10, 2019) ("Given the weight of authority [in the Northern District of California], the court finds that China's objection to Article 10 regarding postal service does not mean that email service is 'prohibited by international agreement'" under Federal Rule 4(f).); *Sec. & Exch. Comm'n v. China Sky One Med., Inc.*, Case No. 12-CV-07543 MWF (MANx), 2013 WL 12314508, at *2–3 (C.D. Cal. Aug. 20, 2013) (holding that China's article 10 objection does not prevent email service). The Ninth Circuit's position on this issue is firmly contrary to the Second and Seventh Circuits.

Similarly, the Fifth Circuit has summarily approved of e-mail service to a Chinese defendant. *Nagravision SA v. Gotech International Technology Limited*, 882 F.3d 494, 498 (5th Cir. 2018) ("Service here was court-ordered email service under Rule 4(f)(3), and [defendant] has

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

not shown that such service is prohibited by international agreement."). The Fifth Circuit specifically held that "the Hague Convention…does not displace Rule 4(f)(3)." *Id.*

The Eleventh Circuit has not ruled on this issue, and the Court's prior ruling should not be reversed. In any event, HYHA's address was unknown as discussed above, and alternate service of process was proper.[4]

**WHEREFORE**, Plaintiff respectfully requests that HYHA Motion (DE 68) be denied, or such other relief as the Court deems appropriate.

## VERIFICATION

I certify under penalty of perjury that the facts set forth in Section II(A) of this Motion are true and correct.

By: _____
    **DAVID P. REINER, II, ESQ.**

**DATED:  June 22, 2026**

Respectfully Submitted,

**REINER & REINER, P.A.**
*Counsel for Plaintiff*
9100 South Dadeland Blvd., Suite 901
Miami, Florida   33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com; eservice@reinerslaw.com

By: _____
    **DAVID P. REINER, II, ESQ.**; FBN 416400

---

[4] If the Court grants the Motion, the proper remedy is not, as HYHA suggests, "to enter a date by which Plaintiff should effect service" (DE 68, pg.3) because Rule 4(m) exempts service in a foreign country from the time requirements therein. Service on HYHA through China's central authority is notoriously slow, and HYHA has not moved to dismiss.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **June 22, 2026**, I filed the foregoing with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _____
**DAVID P. REINER, II**; FBN 416400

REINER & REINER, P.A.
ONE DATRAN CENTER ⬧ 9100 SOUTH DADELAND BLVD ⬧ SUITE 901 ⬧ MIAMI ⬧ FLORIDA ⬧ 33156 ⬧ TEL: 305 670-8282 ⬧ FAX: 305 670-8989