**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 26-cv-21188-BLOOM

**DINGWANG JIA,**

Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A**

Defendants.
______________________________________/

**HYHA'S MOTION FOR SUMMARY JUDGEMENT**
**BASED ON DESIGN-PATENT INVALIDITY**

This is a rare and unusual case where a plaintiff, in the early goings of a lawsuit, made conclusive admissions that foreclose liability. This makes the whole case ripe for early summary judgment. To bring this case at all, Plaintiff alleged that several designs of several defendants infringe his design patent. Plaintiff even doubled down, moving for a preliminary injunction on grounds of clear patent infringement. Multiple defendants responded with a stunning showing: these products accused of infringing were "on sale" long before the filing date of the patent-in-suit.

Plaintiff did not retreat, retrench, or explain a nuanced mistake and non-suit the long-on-sale defendants. Instead, Plaintiff *tripled* down in reply, embracing the on-sale showing and its date-authenticity, *still* insisting that the products infringed (ECF No. 56 at 7-13) – indeed, obtaining a preliminary injunction against numerous defendants based on his claim construction. With this exceptional admission, plaintiff lays all groundwork necessary for summary judgment of patent invalidity. Having been gifted this defense at such an early date, Defendant HYHA now moves for

summary judgment of invalidity under 35 U.S.C. § 102 and Fed. R. Civ. P. 56 to vindicate its rights, and nip this ill-conceived lawsuit in the bud.

## Background

Plaintiff applied for and obtained a design patent for U.S. Patent No. D1,096,386 S entitled "Door Draft Stopper." SMF ¶ 1. Plaintiff applied for patent protection (application No. 29/870,682) on February 2, 2023. *Id.* ¶ 2. The patent issued on October 7, 2025. *Id.* The scope of the patent, as described in the claim is "[t]he ornamental design for a door draft stopper as shown." *Id.* ¶ 3. The scope of the patent, as argued by Plaintiff in his motion for TRO and preliminary injunction, includes each of the defendants' accused products.

Defendant COMFYANNO sells a door draft product that was made available for sale at least as early as December 6, 2021. *See* SMF ¶ 4. Plaintiff accused the COMFYANNO products of infringement and defended its infringement read against the COMFYANNO product in support of its motion for TRO and preliminary injunction. *Id.* Defendant UBCare has sold a door draft product that was made available for sale at least as early as May 14, 2020. *See* SMF ¶ 5. Plaintiff accused the Sunolga/UBCare products of infringement and defended its infringement read against the UBCare product in support of its motion for TRO and preliminary injunction. *Id.* Defendant SYIPO/suyanfushi has sold a door draft product that was made available for sale at least as early as January 7, 2022 *See* SMF ¶ 6. Plaintiff accused the SYIPO/suyanfushi product of infringement and defended its infringement read against the SYIPO/suyanfushi product in support of its motion for TRO and preliminary injunction. *Id.*

## ARGUMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it could "affect the outcome of the suit under governing law." *Anderson v. Liberty*

*Lobby*, 477 U.S. 242, 248 (1986). The purpose of summary judgment is "to avoid a clearly unnecessary trial." *Cont'l Can v. Monsanto*, 948 F.2d 1264, 1265 (Fed Cir. 1991) (citing *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## I. Plaintiff's Patent Is Invalid in Light of Prior Art.

The Plaintiff's patent is invalid as anticipated by prior art – namely, several products that Plaintiff accuses of infringing here. A patent will be considered "anticipated" if "the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." 35 U.S.C. § 102. The same tests and claim construction "must be used for both infringement and anticipation." *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239 (Fed. Cir. 2009). A plaintiff may not argue a broad construction for purposes of infringement and a narrow construction for purposes of invalidity. *Bristol-Myers Squibb v. Ben Venue Labs.,* 246 F.3d 1368, 1376 (Fed. Cir. 2001). Courts have repeated this black-letter law that a patentee "cannot have it both ways." *Id.*

Further, as the adage goes, "that which infringes, if later, would anticipate, if earlier." *Int'l Seaway*, 589 F.3d at 1239 (citing *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889)). Put more simply, if it turns out that a product the patentee accuses of infringement existed before the application date, the patent is anticipated and invalid. *Id.* This is true for both utility patents and design patents. *Int'l Seaway*, 589 F.3d at 1238 (citing *Bernhardt v. Collezione Europa USA*, 386 F.3d 1371, 1378 (Fed. Cir. 2004) (explaining that the test for determining anticipation of a design patent is the same as the test for infringement); *Door-Master v. Yorktowne,* 256 F.3d 1308, 1312 (Fed. Cir. 2001); *Litton Sys. v. Whirlpool Corp.*, 728 F.2d 1423, 1440 (Fed. Cir. 1984). Plaintiff has chosen its extremely broad construction, which leads to the inevitable conclusion of invalidity. *See, e.g.*, *Evans Cooling Sys v. GMC*, 125 F.3d 1448, 1451 (Fed. Cir. 1997) (patent invalid when plaintiff

accused defendant of infringing but defendant's product was on sale before the critical date); *see also Vanmoor v. Wal-Mart Stores,* 201 F.3d 1363, 1367 (Fed. Cir. 2000) (same).

In response to invalidity arguments on its motion for preliminary injunction, Plaintiff argued unequivocally that defendants COMFYANNO, Sunolga/UBCare, and SYIPO/suyanfushi, all infringed the patent-in-suit. *See* SMF ¶¶ 4-6. Plaintiff has chosen a construction that would be broad enough to read on each of these defendants' products. *See* Reply in Supp. of Mot. for Prelim. Inj. at 7-12 (ECF No. 56).[1] It is undisputed that each of these products was on sale before – in some cases years before – Plaintiff applied for patent protection in this case. *See* LR 56.1 SMF ¶¶ 4-6. Because the design that is Plaintiff's patent was "described in a printed publication, or in public use, *on sale, or otherwise available to the public* before the effective filing date [February 2, 2023] of the claimed invention," the patent is invalid and unenforceable. *See* 35 U.S.C. § 102(a)(1) (emphasis added). The only claim Plaintiff asserts is for design patent infringement. It cannot succeed on that claim because its patent is invalid.

## CONCLUSION

Plaintiff's patent is invalid. He was not first to invent the subject matter of the patent in suit. The undisputed facts show that several entities accused of infringement in the complaint were years

[1] Plaintiff is judicially estopped from walking away from such a construction. For judicial estoppel to apply, there are three circumstances that a court must consider: (i) a party must take a position that is "clearly inconsistent" with a prior position, (ii) a party's second position must be such that, because a court accepted an earlier position, the court has been misled, and (iii) a party will derive an unfair advantage if not estopped. *See ADT & ADT US Holdings v. Alarm Protection,* No. 9:15-CV-80073, 2017 U.S. Dist. LEXIS 75046, at *18 (S.D. Fla. May 17, 2017) (*citing New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). Here, all three apply. Any argument that defendants do not infringe would be entirely inconsistent with the position it took in support of its preliminary injunction motion. Second, if plaintiff changed now, it would have misled this Court in its prior motion for TRO and preliminary injunction, which led to this Court entering a TRO as to all defendants and a preliminary injunction against all absent defendants. Third, if allowed to change its argument, plaintiff would be "having it both ways" – namely, using a broad construction to find some defendants infringing but arguing the opposite to avoid invalidity here. This would be unfair not only to HYHA but also to the non-appearing defendants. Patentees cannot "have it both ways."

prior for sale. Plaintiff's own infringement read supplies the very basis for invalidity. Therefore, HYHA respectfully requests that this Court enter summary judgment, declaring the patent in suit invalid and unenforceable.

Dated: June 29, 2026

Respectfully submitted,

/s/ *Michael A. Shafer*
Michael A. Shafer
Florida Bar No.: 1040674
mshafer@dbllawyers.com

DUNLAP BENNETT & LUDWIG PLLC
9011 Arboretum Parkway Suite 390
Richmond, VA 23236
Telephone: (804) 823-7776

William R. Trueba, Jr. (wtrueba@avilalaw.com)
Florida Bar No.: 117544
Darlene Barron (dbarron@avilalaw.com)
Florida Bar No.: 108873
AVILA RODRIGUEZ HERNANDEZ MENA & GARRO LLP
2525 Ponce de Leon Boulevard
Penthouse 12th Floor
Coral Gables, Florida 33134
Telephone: (305) 779-3560

Michael R. La Porte (*Pro Hac Vice*)
Illinois ARDC No. 6237510
mlaporte@dbllawyers.com

DUNLAP BENNETT & LUDWIG, PLLC
333 N. Michigan Avenue, Suite 2700
Chicago, IL 60601
Telephone: (312) 551-9500

***Attorneys for Defendant,***
***HYHA, identified as***

***Yiwu Size E-Commerce Co., Ltd***

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Michael A. Shafer*
Michael A. Shafer
Florida Bar No.: 1040674
mshafer@dbllawyers.com