**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:26-cv-21188-BB**

**DINGWANG JIA,**

Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,**

Defendants.
_______________________________________/

**PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT (ECF No. 88)**

Plaintiff, by and through undersigned counsel, hereby files this response to Defendant HYHA's Motion for Summary Judgment, and alternatively requests pursuant to Rule 56(d) that summary judgment briefing be stayed pending the completion of necessary discovery, and states:

**ARGUMENT AND INCORPORATED MEMORANDUM OF LAW**

"A design patent protects the non-functional aspects of an ornamental design as seen as a whole and as shown in the patent." *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993). "Determining whether a design patent claim has been infringed requires, first, as with utility patents, that the claim be properly construed to determine its meaning and scope." *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995) (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995)). "Second, the claim as properly construed must be compared to the accused design to determine whether there has been infringement." *Id.* In this second step, the patented and accused designs are compared for overall visual similarity:

> [I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Elmer*, 67 F.3d at 1577 (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)). In analyzing visual similarity, "[w]here ... a [patented] design is composed of functional as well as ornamental features, to prove infringement a patent owner must establish that an ordinary person would be deceived by reason of the common features in the claimed and accused designs which are ornamental." *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 825 (Fed .Cir. 1992). In addition, the accused design must appropriate the novel ornamental features of the patented design that distinguish it from the prior art. *Oakley, Inc. v. International Tropic–Cal, Inc.*, 923 F.2d 167, 169 (Fed. Cir. 1991).

## I. Claim Construction

In claim construction for design patents, the Court need not "attempt to provide a detailed verbal description of the claimed design, as is typically done in the case of utility patents." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008). This is largely because of the "recognized difficulties entailed in trying to describe a design in words[.]" *Id.* Therefore, the Federal Circuit has expressly affirmed minimal claim constructions that forego detailed verbal descriptions and rely primarily on the illustration included in the patent. See *Unique Indus. Inc. v. 965207 Alberta Ltd.*, 722 F.Supp.2d 1, 8 (D.D.C. 2009) (collecting cases).

Even so, the Federal Circuit has also explained that, as part of claim construction, it may be helpful for the district court to point out "various features of the claimed design as they relate to the accused design and the prior art." *Egyptian Goddess*, 543 F.3d at 680; see *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1342–43 (Fed. Cir. 2020) (holding the district court did not


REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

err in claim construction of a design patent where it "pointed out the ornamental and functional features of the design as well as the various features as they relate to the prior art").

Defendant HYHA's MSJ takes the position the Plaintiff has "chosen" a broad construction in prior filings. ECF No. 88, pgs. 3-4. However, claim construction has not been previously briefed. *Compare* ECF No. 51 *with* ECF No. 56. For design patents, claim construction is determined by the drawings themselves. *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988) ("Design patents have almost no scope. The claim at bar, as in all design cases, is limited to what is shown in the application drawings."); *Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1464 (Fed. Cir. 1997) ("A design patent contains no written description; *the drawings are the claims* to the patented subject matter.") (emphasis added). Defendant HYHA seemingly presupposes, for the purposes of its MSJ, a claim construction which has been neither stated nor briefed.

## II. Ordinary Observer Test

Under the ordinary observer test, "if in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Volkswagen Grp. of Am., Inc. v. Varona*, No. 19-24838-CIV, 2021 WL 247872, at *12 (S.D. Fla. Jan. 25, 2021) (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)).

"[A] design patent protects 'overall designs,' not individual features of designs." *Pride Fam. Brands, Inc. v. Carl's Patio, Inc.*, 992 F.Supp.2d 1214, 1224 (S.D. Fla. 2014). "[W]hen courts evaluate design infringement claims they look to similarities in overall design, 'not similarities of ornamental features in isolation.'" *Id.* (quoting *Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F.3d 1365, 1372 (Fed. Cir. 2006)). The designs are not required to be identical. *L.A. Gear, Inc. v.*


REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

*Thom McAn Shoe Co.*, 988 F.2d 1117, 1124 (Fed. Cir. 1993) (requisite showing is that the "accused design is substantially the same as the claimed design").

Similarly, Defendant HYHA's MSJ presupposes that Plaintiff's Patent meets the ordinary observer test with respect to the products of Defendants COMFYANNO, Sunolga/UBCare, and SYIPO/suyanfushi – a proposition which those Defendants either dispute or assert contradictory facts. The affidavits of those representatives each state that the Plaintiff's Patent "differs significantly" from their own products. See *Declaration of Rongjun Chang* ¶ 3 (ECF No. 44-1, ¶3); *Declaration of Mingzhe Zou* ¶ 3 (ECF No. 44-2, ¶3); *Declaration of Caixia Yin* ¶ 3 (ECF No. 44-3, ¶3).

## III. Burden of Proving Invalidity

"The burden is on an accused infringer to show by clear and convincing evidence facts supporting the conclusion that the patent is invalid." *International Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1242 (Fed. Cir. 2009). However, Defendant HYHA's MSJ is premised upon affidavits of ***other Defendants who each state that the Plaintiff's Patent "differs significantly" from their own products***. See *Declaration of Rongjun Chang* ¶ 3 (ECF No. 44-1); *Declaration of Mingzhe Zou* ¶ 3 (ECF No. 44-2); *Declaration of Caixia Yin* ¶ 3 (ECF No. 44-3). Those sworn statements undermine a finding of prior art by anticipation at this stage, as they raise factual and claim construction disputes. See *International Seaway*, 589 F.3d at 1243 (the test for anticipation "tak[es] into account significant differences between the two designs, not minor or trivial differences").

## IV. Additional Discovery is Required

Plaintiff requires discovery against those non-moving Defendants in order to respond to Defendant HYHA's MSJ because it is not clear to what degree, if any, those products are ornamentally or functionally distinct. See, e.g., *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337,



REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

1342 (Fed. Cir. 2020) ("[D]esign patents typically are claimed as shown in drawings, but ... it can be helpful to distinguish[ ] between those features of the claimed design that are ornamental and those that are purely functional."). If Defendants sworn statements refer to functionality, Plaintiff should be allowed to retain an expert to present alternative designs. *Berry Sterling Corp. v. Pescor Plastics, Inc.*, 122 F.3d 1452, 1456 (Fed. Cir. 1997) ("The presence of alternative designs may or may not assist in determining whether the challenged design can overcome a functionality challenge. Consideration of alternative designs, if present, is a useful tool that may allow a court to conclude that a challenged design is not invalid for functionality."). Plaintiff requires discovery against the non-moving Defendants, including taking depositions and propounding written discovery in order to respond to Defendant HYHA's MSJ. *Declaration of Dingwang Jia*, ¶¶1-7, attached hereto.

**WHEREFORE**, Plaintiff respectfully requests that summary judgment be denied at this time, or alternatively that summary judgment briefing be stayed pending the completion of necessary discovery.

**DATED: July 13, 2026**

Respectfully Submitted,

**REINER & REINER, P.A.**
*Counsel for Plaintiff*
9100 South Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com; eservice@reinerslaw.com

By: ______________________________
**DAVID P. REINER, II, ESQ.**; FBN 416400

**CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY that on* ***July 13, 2026****, I filed the foregoing with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

By: ______________________________
**DAVID P. REINER, II**; FBN 416400


REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989