**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21188-BLOOM/Elfenbein**

**DINGWANG JIA,**

Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,**

Defendants.
_________________________________________/

**ORDER ON MOTION TO QUASH SERVICE OF PROCESS**

**THIS CAUSE** is before the Court on Defendant HYHA's Motion to Quash Service of Process, ECF No. [68] ("Motion"). Plaintiff Dingwang Jia filed a Response, ECF No. [82], to which HYHA filed a Reply, ECF No. [87]. The Court has considered the Motion, the supporting and opposing submissions, the record, applicable law, and is otherwise fully advised. For the following reasons, HYHA's Motion is granted.

## I. BACKGROUND

Plaintiff filed this action on February 23, 2026, alleging that the Defendants listed on Schedule A infringed on Plaintiff's patent. ECF No. [1]. On May 5, 2026, this Court granted Plaintiff's Renewed *Ex Parte* Motion for Order Authorizing Alternate Service of Process ("Order on Alternate Service"). ECF No. [25]. Plaintiff's Renewed *Ex Parte* Motion for Order Authorizing Alternate Service of Process ("Motion for Alternate Service") stated that Plaintiff investigated Defendants, determined each Defendant is likely based in the People's Republic of China, including Hong Kong, and compiled the addresses for each Defendant. ECF No. [22] ¶ 2. Plaintiff

stated that despite having a list of addresses, Plaintiff is unable to serve each Defendant "as the addresses are incomplete." *Id.* ¶ 3. Plaintiff cites an article that concludes the names and addresses provided to online platforms are inherently unreliable. *Id.* Based on Plaintiff's representations, the Court concluded service by e-mail and website posting is reasonably calculated to apprise Defendants of the pendency of the action and "exercise[d] its discretion to allow service on Defendants through e-mail and website posting." ECF No. [25] at 3–4.

Plaintiff filed a Return of Service indicating that the Defendants on Schedule A were served with process via e-mail and website posting on May 18, 2026. ECF No. [27]. On June 3, 2026, the Court held a hearing on Plaintiff's Motion for Preliminary Injunction, at which HYHA appeared after filing a Response in Opposition to Preliminary Injunction and Request to Quash Service of Process. ECF Nos. [51], [57]. At the hearing, HYHA indicated it would file a separate motion to quash service. HYHA thereafter filed the instant Motion to Quash Service of Process. ECF No. [68].

## II. LEGAL STANDARD

### A. Motion to Quash Service of Process

The Eleventh Circuit has determined that Rule 4 of the Federal Rules of Civil Procedure "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990) (quoting *United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). Under Rule 4(f), an individual may be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). When challenging service of process, the defendant "must describe with specificity how the service of process failed to meet the procedural requirements of Federal Rule of Civil Procedure 4." *Hollander v. Wolf*, No. 09–80587–CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009) (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993)).

"Once the defendant carries that burden, then the burden shifts to the plaintiff to prove a *prima facie* case of proper service of process." *Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012). "If the plaintiff can establish that service was proper then the burden shifts back to the defendant to 'bring strong and convincing evidence of insufficient process.'" *Id.* (quoting *Hollander*, 2009 WL 3336012, at *3). Furthermore, "[w]here the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *see also Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) ("Any conflict in the parties' affidavits or pleadings should be resolved in favor of the plaintiff.").

### B. Motion for Reconsideration

"[Federal Rule of Civil Procedure] 54(b) provides that a district court has discretion to revise interlocutory orders at any time prior to final judgment." *Whitesell Corp. v. Electrolux Home Prods., Inc.*, No. CV 103-050, 2013 WL 12347049, at *2 (S.D. Ga. June 24, 2013). The standard for relief under Rule 54(b) is the same as a motion for reconsideration under Rule 60. *See Clifft v. Sch. Dist. of Lee Cnty.*, No. 2:25-CV-345-JES-DNF, 2025 WL 3080533, at *1 (M.D. Fla. Nov. 4, 2025) (citing *Herman v. Hartford Life and Acc. Ins. Co.*, 508 F. App'x. 923, 927 n.1 (11th Cir. 2013)).

A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

## III. DISCUSSION

HYHA argues that the Court should quash service of process because service did not comply with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). ECF No. [68] at 1. HYHA argues that its address was not "not known," so the Hague Convention applies. *Id.* at 9. China is a signatory to the Hague Convention, and the Hague Convention does not permit service by e-mail to defendants in China, as recent cases in the Second and Seventh Circuits confirm. *Id.* at 3.

Plaintiff responds that service was proper pursuant to this Court's Order on Alternate Service, which permitted Plaintiff to serve Defendants by e-mail and website posting. ECF No. [82] at 2. Where HYHA does not seek to vacate the Court's Order on Alternate Service, its Motion to Quash under Rule 12(b)(5) is inappropriate. *Id.* at 3. Even so, service of process was proper because Plaintiff could not verify HYHA's address, its address was thus not known, and the Hague Convention does not apply. *Id.* at 3–7. If the Hague Convention applies, there is no authority binding on this Court that states that Article 10 of the Hague Convention applies to service by e-mail such that China's objection to Article 10 prohibits service by e-mail. *Id.* at 7. Therefore, there is no reason for this Court to depart from its previous ruling and other precedent confirming service by e-mail is permitted. *Id.* at 7–9.

HYHA replies that the Second and Seventh Circuits' rulings regarding service under the Hague Convention provide good reason to revisit the Court's ruling on service. ECF No. [87] at 1. Plaintiff's attempts to show that HYHA's address is not known are insufficient because HYHA's address is known and is listed on its Amazon page. *Id.* at 3–10.

**A. Whether HYHA's Address is Known**

As a threshold matter to determine the sufficiency of service of process, the Court considers whether the Hague Convention applies to this case. HYHA argues that the Hague Convention applies because its address was provided on its Amazon seller profile, so its address is known. ECF No. [68] at 9. Plaintiff knew HYHA's address as it was listed as HYHA's address in Plaintiff's Renewed *Ex Parte* Motion. *Id.* That address is HYHA's actual address, and Plaintiff's argument that the address is either fake or incomplete fails. *Id.* at 10. The address may be verified by reviewing publicly available business registration databases in China, and Plaintiff has failed to show any diligence in locating HYHA's physical address. *Id.* at 11. In support of its Motion, HYHA submits a Declaration of Lai Jiancai, the CEO of HYHA. ECF No. [68-1]. The Declaration

confirms the official business name for HYHA, the Unified Social Credit Code, and HYHA's current address, which is listed on its business license and corresponds to a physical address in China. *Id.*

Plaintiff responds that he was unable to verify HYHA's Amazon seller information despite due diligence. ECF No. [82] at 4. Plaintiff looked to the China Mainland Business Registry, which requires one or more of the following: the official Chinese name of the company, a Unified Social Credit Code, or the company's registration number. *Id.* The Amazon seller information did not provide the official Chinese name and translating the phonetic translation resulted in a different name in Chinese than HYHA contends is its official name. *Id.* at 4–5. Because Plaintiff was unable to confirm HYHA's official name, Plaintiff was unable to find any records of its address. *Id.* at 6. Plaintiff attempted to search HYHA's listed address verbatim, which returned two webpages — a public notification from the Economic Crime Investigation of Yiwu Public Security Bureau and a list of freight forwarding companies in Yiwu's province. *Id.* Neither website contained any concrete information identifying HYHA or its address. *Id.* Because Plaintiff's due diligence and verification efforts raised numerous red flags, Plaintiff determined that HYHA's address was unknown. *Id.*

HYHA replies that the correct standard is whether the address is "not known," not whether an address is "unable to be verified." ECF No. [87] at 4–5. Plaintiff has not met his burden to show that an address is not known. *Id.* The use of Google and DeepL translating services and conducting internet-based searches of HYHA's provided address are not sufficient to show reasonable diligence especially when Google is blocked in China. *Id.* at 6-7. Plaintiff is a resident of China and thus has access to Chinese-based databases and has professed experience and expertise in

Internet-based investigations. *Id.* at 4 n.5 (citing Declaration of Dingwang Jia in Support of *Ex Parte* Motion for Entry of Temporary Restraining Order at ECF No. [17-1] ¶ 9).

"Article 1 of the Hague Convention states that the "Convention shall not apply when the address of the person to be served . . . is not known." *Winston v. Walsh*, 829 F. App'x 448, 450–51 (11th Cir. 2020) (quoting Hague Service Convention, art. 1, Nov. 15, 1965, 20 U.S.T. 361). "In determining whether a defendant's address is unknown, some courts have looked at whether the plaintiff has 'put forth reasonable diligence in attempting to discover [the] defendant's address.'" *Dolphin Cove Inn, Inc. v. Vessel Olympic Javelin*, No. 3:19-CV-1018-J-34JRK, 2020 WL 4927590, at *2 (M.D. Fla. Aug. 21, 2020) (citing *Backjoy Orthotics, LLC v. Forvic Int'l Inc.*, No. 6:14-cv-249-Orl-41TBS, 2016 WL 7664290, at *4 (M.D. Fla. Mar. 7, 2016)).

The Court concludes Plaintiff did not put forth reasonable diligence to discover HYHA's address. Plaintiff's Motion for Alternate Service lists HYHA's address as 莲塘二区7幢3单元307室金华市义乌市北苑街道浙 江省322000 CN. ECF No. [22] at 3.[1] Placing that address in Google Translate produces the following address: Room 307, Unit 3, Building 7, Liantang Zone 2, Beiyuan Subdistrict, Yiwu City, Jinhua City, Zhejiang Province 322000, CN. HYHA's CEO's Declaration identifies HYHA's current address as 浙江省义乌市北苑街道莲塘二区 7 幢 3 单元 307 室(自主申报). ECF No. [68-1] ¶ 12. Placing that address in Google Translate produces the following address: Room 307, Unit 3, Building 7, Liantang Zone 2, Beiyuan Subdistrict, Yiwu City, Zhejiang Province (Self-declared). A Google Translate search indicates that Plaintiff had HYHA's correct physical address.

[1] Plaintiff's Response indicates that this address is provided under "Detailed Seller Information" on HYHA's Amazon Storefront. ECF No. [82] at 3–4.

Plaintiff searched this address in Google, which resulted in two webpages that did not show an address. The Court does not find that one Google search to locate a street address in China constitutes reasonable diligence to discover HYHA's address. This is especially true where HYHA declares that the address listed with Amazon is its current, physical location. *See, e.g.*, *Glob. Brother SRL v. Zhuliang*, No. 8:25-CV-00980-KKM-NHA, 2026 WL 820821, at *2 (M.D. Fla. Mar. 25, 2026) ("Courts have found that an address is unknown when, for example, (1) an investigator in the country of service determines the physical address provided was invalid and (2) mail sent to the defendant's listed address is returned." (internal citations omitted)). Therefore, HYHA's address is known, and the Hague Convention applies.

**B. Reconsideration of Court's Order Authorizing Alternate Service**

Because the Court concludes the Hague Convention applies, HYHA asks this Court to reconsider its prior ruling that the Hague Convention permits e-mail service of process on defendants in China. ECF No. [68]. Plaintiff argues that HYHA does not seek reconsideration of the Court's Order Authorizing Alternate Service, which permitted service by e-mail, and there is no binding case holding that the Hague Convention does not permit e-mail service. ECF No. [82].

Where HYHA asks the Court to reconsider its prior ruling permitting service by e-mail, the Court construes HYHA's Motion as seeking reconsideration of its Order on Alternate Service. However, the Court does not need to determine whether the Hague Convention permits e-mail service of process because the Court finds reconsideration of its Order on Alternate Service is warranted on other grounds.

Based on the new information presented in the parties' briefing, the Court finds it necessary to revise its prior ruling permitting service by e-mail and website posting as to HYHA. The Court's Order on Alternate Service permitted service by e-mail and website posting based on Plaintiff's representations that HYHA's address was incomplete. However, the parties' briefing demonstrates

that Plaintiff did not put forth reasonable diligence to discover Plaintiff's address. HYHA's Amazon storefront listed the address it declares is its actual physical address. Plaintiff performed a Google search of that address, which did not return information identifying HYHA or its address. One Google search of an address located in China is insufficient to conclude that the physical address is incomplete such that alternate service of process methods are warranted. Where service of process is fundamental to the judicial system, the Court requires a showing of additional efforts to locate a defendant before exercising its discretion to grant alternate service methods.

As such, the Court revises its Order on Alternate Service and, based on the representations in Plaintiff's Motion for Alternate Service, declines to permit Plaintiff to serve HYHA by e-mail and website posting. Accordingly, HYHA's Motion is granted.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED AND ADJUDGED** as follows:

1. HYHA's Motion to Quash Service, **ECF No. [68]**, is **GRANTED**.
2. The Court's Order on Alternate Service, **ECF No. [25]**, is **VACATED** as to Defendant HYHA **only**.
3. Service of process as to HYHA is **QUASHED**.
4. HYHA's Motion for Summary Judgment, **ECF No. [88]**, is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 25, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record