UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-cv-21188-BB

DINGWANG JIA,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

Defendants.

_______________________________________/

**Defendants' Reply in Support of Motion for Summary Judgment**

Defendants, SYIPO (agent of suyanfushi), SUNOLGA (agent of UBCare), and COMFYANNO (collectively, "Defendants")[1], hereby submit the following reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [D.E. 128] ("Plaintiff's Response") and, in support thereof, states as follows:

## I. Argument / Memorandum of Law

### a. Legal Standard

Fed. R. Civ. P. 56 mandates that a court grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under governing law. *Id*.

[1] Unless otherwise stated, the Defendants are independent entities, with their own independent defenses against the claims alleged by Plaintiff.

The moving party bears the initial burden of identifying those portions of the record demonstrating the lack of a genuinely disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 243 (1986) (stating that at the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). In doing so, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts" and must go beyond the pleadings and "identify affirmative evidence" that creates a genuine factual dispute. *See Lexmark Int'l Inc. v. Universal Imaging Indus., LLC*, 699 F. Supp. 3d 1266, 1276 (M.D. Fla. 2023) (citations omitted).

**b. Application of the "On-Sale Bar" Necessitates the Court's Grant of Defendants' Motion for Summary Judgment[2] [3]**

The on-sale bar is a mechanism that renders a patent invalid when certain requirements are met. *See Robotic Vision Sys., Inc. v. View Eng'g, Inc.*, 249 F.3d 1307, 1313 (Fed. Cir. 2001) (affirming the invalidity of a patent where the on-sale bar's requirements were satisfied); *Helsinn Healthcare S.A. v. Teva Pharms. USA, Inc.*, 855 F.3d 1356, 1375 (Fed. Cir. 2017), *aff'd*, 139 S. Ct. 628, 202 L. Ed. 2d 551 (2019) (same); *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1367

---

[2] *See e.g., Jetaire Aerospace, LLC v. AerSale, Inc.*, 2024 WL 1934514 (S.D. Fla. Apr. 17, 2024), <u>report and recommendation adopted,</u> 2024 WL 3740438 (S.D. Fla. Aug. 9, 2024), <u>appeal dismissed,</u> No. 2025-1127, 2026 WL 1166230 (Fed. Cir. Apr. 9, 2026) (granting defendant's motion for summary judgment based on application of on-sale bar doctrine).

[3] Defendants reliance upon on-sale bar doctrine was originally raised in Defendants' Response in Opposition to Plaintiff's Motion for Preliminary Injunction. *See* [D.E. 44]; *see also* Defendant's Motion for Summary Judgment [D.E. 115] ("Under Plaintiff's infringement position, [Defendants' Accused Products] fall within the scope of the Patent-in-Suit and were available more than one year prior to the application of the patent. Plaintiff's only claim is infringement for the design patent, which is invalid and therefore the claim cannot succeed.").

(Fed. Cir. 2000) (same). "On balance, the on-sale bar ensures that parties may not enjoy the benefit of monopoly that the patent process provides if they have availed their patent-ready product for commercial sale a year or more before the patent's effective filing date." *Jetaire*, 2024 WL 1934514, at *3. The issue of whether the on-sale bar applies is determined as a matter of law. *See Id.* at *4; *see also Merck & Cie v. Watson Lab'ys, Inc.,* 822 F.3d 1347, 1351 (Fed. Cir. 2016) (holding that the asserted patent was invalid as a matter of law under the on-sale bar).

In *Pfaff v. Wells Electronics*, the Supreme Court stated that the on-sale bar applies when the following two conditions are satisfied before the critical date: (1) "the product must be the subject of a commercial offer for sale"; and (2) "the invention must be ready for patenting." *See* 525 U.S. 55, 67 (1998). If both requirements are met, the patent-in-suit falls victim to "section 102 of the Patent Act [which] serves as a limiting provision, both excluding ideas that are in the public domain from patent protection and confining the duration of the monopoly to the statutory term." *Id*. at 64.; *see also Helsinn Healthcare S.A.,* 586 U.S. at 130 ("Every patent statute since 1836 has included an on-sale bar. The patent statute in force immediately before the AIA prevented a person from receiving a patent if, "more than one year prior to the date of the application for patent in the United States," "the invention was ... on sale" in the United States… The AIA, as relevant here, retained the on-sale bar and added the catchall phrase "or otherwise available to the public." § 102(a)(1) (2012 ed.) ("A person shall be entitled to a patent unless" the "claimed invention was ... in public use, on sale, or otherwise available to the public ..."). We must decide whether these changes altered the meaning of the "on sale" bar. We hold that they did not.") (internal citations omitted).

The on-sale bar is not limited to sales made by the inventor, but may result from the activities of a third party. *See J.A. LaPorte, Inc. v. Norfolk Dredging Co.*, 787 F.2d 1577, 1581

(Fed. Cir. 1986); *see also Mfg. Rsch. Corp. v. Graybar Elec. Co*., 679 F.2d 1355, 1361-3 (11th Cir. 1982) (finding no infringement based upon application of statutory on-sale bar, because a third party had offered for sale a functional tool that embodied the tool claimed in the patent fourteen months before the patent application was filed); *In re Terazosin Hydrochloride Antitrust Litig*., 352 F. Supp. 2d 1279, 1304 (S.D. Fla. 2005) ("Under § 102(b), a patent is invalid if the invention it claims was offered for sale or sold in the United States more than one year prior to the filing date of the patent application. The "on-sale bar" does not require sustained commercial activity, advertising, or displays. On the contrary, a single sale or even a single offer to sell is sufficient to trigger the statutory bar…. Moreover, the sale or offer for sale need not be made by the inventor or by the patent owner. A sale or offer for sale by a third party is just as effective a bar as a sale or offer by the inventor.") (internal citations omitted); *Special Devices, Inc. v. OEA, Inc*., 270 F.3d 1353, 1355 (Fed.Cir.2001) (providing that the on-sale bar will apply to disqualify an invention for patenting even if the invention is placed on sale by someone other than its inventor).

Accordingly, the on-sale bar doctrine applies – and Plaintiff's Patent-In-Suit must be declared invalid and Defendants' Motion for Summary Judgment granted – if on or before February 2, 2022[4], (1) Plaintiff's Patent-In-Suit was offered for commercial sale, and (2) Plaintiff's Patent-In-Suit was ready for patenting. *See Sunoco Partners Mktg. & Terminals L.P. v. U.S. Venture, Inc*., 32 F.4th 1161, 1168 (Fed. Cir. 2022) (To prevail on the "on-sale bar[,]" a party must show that the invention in question "was both (1) the subject of a commercial offer for sale and (2) ready for patenting.").

---

[4] Plaintiff's Patent-In-Suit was filed on February 2, 2023; thus, making the critical date February 2, 2022. *See Scaltech, Inc. v. Retec/Tetra, LLC*, 269 F.3d 1321, 1327 (Fed. Cir. 2001) ("The date exactly one year prior to the date of application for the patent is known as the critical date.").

**i. Defendants' Accused Products Were Offered for Sale Prior to the Patent-In-Suit Critical Date.**

Plaintiff asserts that Defendants' Accused Products infringe Plaintiff's design patent found at U.S. Patent No. D1,096,386 ("Patent-In-Suit"). [D.E. 1]. Assuming, *arguendo*[5], that the Court adopts Plaintiff's allegations as true for the purpose of establishing a claim, it follows that the Court must also invalidate Plaintiff's Patent-In-Suit as Defendants' Accused Products were offered for sale prior to February 2, 2022. Specifically:

- Defendant, SUNOLGA (agent of UBCare), Accused Product was first made available for commercial sale as early as May 14, 2020. *See* [D.E. 44-2]; *see also* Dec. of Minghe Zhou, attached hereto as **<u>Exhibit A</u>** (*see* ¶ 3, stating "The Store's product at issue in this litigation is a door draft stopper (the "Accused Product"). I handled and completed the listing of the Accused Product for sale on the platform on May 14, 2020. The listing date is reflected in the records attached as Exhibit A [to the declaration]. As shown in Exhibit B [attached to the declaration], the July 2020 sales records obtained directly from Amazon's backend system confirm that the first order for the Accused Product was placed on July 2, 2020. Since its initial listing, the Accused Product's appearance, design, and function have remained unchanged. The Accused Product currently sold by the Store is identical to the product initially listed on May 14, 2020.").

Such sale alone is sufficient to satisfy the first element of the on-sale bar (i.e., that the

---

[5] Though Defendants argue, in the alternative, that Defendants' respective Accused Product do not infringe upon Plaintiff's Patent-In-Suit based upon non-infringement, for the purpose of Defendants' Motion for Summary Judgment, Defendants assume the Court adopts Plaintiff's assertions of infringement of the Patent-In-Suit. Any other reading for the purpose of the Court's review of Defendants' Motion for Summary Judgment would require that Plaintiff's Complaint be dismissed for failure to state a claim.

Patent-In-Suit was the subject of a commercial offer for sale). Nonetheless, other sales of Defendants' products allegedly covered by the Patent-In-Suit include the following:

- Defendant, SYIPO (agent of suyanfushi), Accused Product was first made available for commercial sale as early as January 7, 2022. *See* [D.E. 44-3]; *see also* Dec. of Caixia Yin, attached hereto as **Exhibit B** (*see* ¶ 3, stating "The product offered under the Amazon listing for ASIN B09PYPQ7R6 is identical to the accused product at issue in this litigation. The listing belongs to the Store and was first made available on Amazon on January 7, 2022, as shown in Exhibit A [attached to the declaration]. The design and appearance of the product offered under this listing have remained unchanged since it was first listed.").

Plaintiff's Response does not present any facts or other affirmative evidence to dispute or otherwise contradict Defendants' production provided to show commercial sale of the Accused Products prior to the critical date. As such, no genuine issue of material fact exists as it relates to demonstrating that the Accused Products were offered for sale prior to the Patent-In-Suit's critical date.

**ii. Defendants' Accused Products Demonstrate that Plaintiff's Patent-In-Suit Was Ready for Patenting.**

> An invention is "ready for patenting" when evidence shows that the invention was reduced to practice or described in a written description sufficient to permit one of ordinary skill in the art to practice the invention without undue experimentation. An invention is reduced to practice when the patentee has an embodiment that meets every limitation and operates for its intended purpose. An invention works for its intended purpose when there is a demonstration of the workability or utility of the claimed invention.

*See Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 997 (Fed. Cir. 2007) (internal citations omitted); *see also Pfaff*, 525 U.S. at 67-68 (stating "ready for patenting" condition may be satisfied in at least two ways: (1) "by proof of reduction to practice before the

critical date"; or (2) "by proof that prior to the critical date the inventor had prepared drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention."); *Jetaire*, 2024 WL 1934514, at *11 (finding patent reduced to practice at time offer of sale was made).

In this case, the second condition of the on-sale bar is satisfied because Defendants made the Accused Products (allegedly infringing upon Plaintiff's Patent-In-Suit) available for sale – thereby, reducing it to practice – prior to the critical date. *See, e.g. Pfaff*, 525 U.S. at 68 ("When Pfaff accepted the purchase order for his new sockets prior to April 8, 1981, his invention was ready for patenting…. Furthermore, those sockets contained all the elements of the invention claimed in the '377 Patent. Therefore, Pfaff's '377 patent is invalid because the invention had been on sale for more than one year in this country before he filed his patent application.").

**iii. <u>Conclusion</u>**

Based on the foregoing, there is no genuine issue of material fact that may be cited for the purpose of disclaiming Defendants' application of the on-sale bar. Plaintiff has presented no affirmative evidence to dispute Defendants' assertion (based on evidence provided) that the on-sale bar applies. Based thereon, all other issues are effectively moot and Defendants' Motion for Summary Judgment should be granted and Plaintiff's Patent-In-Suit invalidated. *See Jetaire*, 2024 WL 1934514, at *12 ("Therefore, because both prongs of Pfaff's on-sale bar test have been satisfied, we recommend that summary judgment be granted in favor of AerSale as to its on-sale bar argument. And, because the consequence of the on-sale bar is invalidation of the subject patents, we further recommend that the Asserted Patents be invalidated on this basis.") (citing *Robotic Vision Sys., Inc.*, 249 F.3d at 1313*; Helsinn Healthcare S.A.*, 855 F.3d at 1375 (same); *Vanmoor*, 201 F.3d at 1367 (same)).

October 28, 2026

Respectfully submitted.

**HEITNER LEGAL, P.L.L.C**
*Attorney for Defendants*
By: /s/ Alan Mensa-Wilmot
Alan Mensa-Wilmot (Fla. Bar No. 117840)
2300 Delmar Pl.
Ft. Lauderdale, Florida 33301
Telephone: (954) 558-6999
E-mail: alan@heitnerlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2026, a true and correct copy of the foregoing was electronically filed using CM/ECF, which serves electronic notice on all counsel of record and registered CM/ECF users.

By: /s/ Alan Mensa-Wilmot