**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-21188-BLOOM/Elfenbein**

DINGWANG JIA,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

Defendants.
_____________________________________________/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO RECONSIDER AND AMEND THE ORDER GRANTING DEFENDANT HYHA'S MOTION TO QUASH SERVICE OF PROCESS**

Plaintiff Dingwang Jia ("Plaintiff") respectfully submits this Reply in support of his Motion to Reconsider and Amend the Order Granting Defendant Yiwu Size E-Commerce Co., Ltd. d/b/a HYHA's ("HYHA") Motion to Quash Service of Process (the "Quash Order"), Dkt. No. 131 (the "Motion"), and in reply to HYHA's Response in Opposition, Dkt. No. 136 (the "Response").

## I. INTRODUCTION

The Motion presents a narrow question: whether HYHA submitted to the Court's authority through affirmative merits conduct after filing its Motion to Quash. That conduct included moving for summary judgment, fully briefing that motion, and serving merits discovery.

HYHA argues that Plaintiff somehow "waived" his waiver argument by not repeating it in the Joint Scheduling Report or Plaintiff's later motion for a protective order. Dkt. No. 136 at 5-6. HYHA also supplies a factual justification for its discovery, asserting that scheduling and discovery-status deadlines justified the one set of interrogatories addressed in the Response, while ignoring the second set of interrogatories and the requests for production HYHA also propounded on Plaintiff. *Id.* at 3. Finally, HYHA offers an account of its post-Quash Order conduct, claiming that it could not withdraw the discovery because it was no longer a party and feared that taking action would support Plaintiff's waiver argument. *Id.* at 4, 5, and 11.

Those new matters do not defeat reconsideration. Plaintiff expressly raised waiver before the Quash Order in his motion to abate summary-judgment briefing. Dkt. No. 94 at 2 n.1. HYHA identifies no affirmative abandonment of that position. Nor did the scheduling orders compel HYHA to propound interrogatories, much less compel HYHA to seek merits discovery while simultaneously maintaining that it was not subject to the Court's authority. And HYHA's explanation for refusing to withdraw its discovery does not alter the undisputed point that HYHA voluntarily invoked both merits adjudication and federal discovery procedures while its Motion to Quash remained pending.

Personal jurisdiction protects an individual right that may be waived, and a defendant's actions may amount to legal submission to the Court's jurisdiction. *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 705 (1982). The Quash Order did not decide the effect of HYHA's intervening litigation conduct. The Court should address that issue now, grant reconsideration, and deny HYHA's Motion to Quash.

## II. BACKGROUND

HYHA moved to quash service on June 8, 2026, and the parties completed briefing on that motion on June 29, 2026. Dkt. No. 68. After briefing closed but before the Court ruled, HYHA filed a pre-answer motion for summary judgment seeking judgment on the merits of Plaintiff's patent claim and later filed a reply seeking to end the case through summary judgment. Dkt. Nos. 88, 102.

Plaintiff then moved to abate summary-judgment briefing. Dkt. No. 94. In that filing, Plaintiff expressly advised the Court that HYHA may have waived its service-based objection by filing a merits motion and cited authority recognizing that personal-jurisdiction objections are waivable. Dkt. No. 94 at 2 n.1. Plaintiff therefore raised waiver before entry of the Quash Order; the Motion for Reconsideration did not introduce that issue for the first time.

HYHA also served merits-based interrogatories and requests for production while its Motion to Quash remained pending. Dkt. Nos. 127-2, 127-3, and 127-4. Interrogatories 1-3 required Plaintiff to identify the patent elements or claims allegedly absent from the products offered by three co-defendants, and Interrogatories 4-6 addressed a cited Amazon reference. Dkt. Nos. 127-3 and 127-4. The Requests for production requested documents concerning inventorship, ownership, conception and development, prior art, prosecution, licensing, and infringement of Plaintiff's asserted patent, US Patent D1,096,386 (the "D'386 Patent") and products embodying the design of the D'386 Patent, among other substantive requests unrelated to service of process

or personal jurisdiction. Dkt. No. 127-2. After the Court quashed service, the parties disputed whether those discovery requests should be withdrawn and whether Plaintiff remained obligated to answer them.

The Quash Order reconsidered the Court's earlier authorization of alternative service, concluded that HYHA's address was known, quashed service, and granted HYHA's Motion to Quash. Dkt. No. 125. It did not address whether HYHA's intervening summary-judgment and discovery conduct waived its service objection.

## III. LEGAL STANDARD

The Court has discretion under Rule 54(b) to revisit an interlocutory order before final judgment. In exercising that discretion, it may consider the strength of the movant's arguments and the disruption associated with changing the prior ruling after the passage of time. *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1381 (11th Cir. 2024). Although courts should not use reconsideration merely to entertain arguments already considered and rejected, the Rule 59(e) and 60(b) standards do not govern this inquiry. *Id.*

Personal jurisdiction is an individual legal right that may be waived, and a party's conduct may constitute submission to a court's jurisdiction. *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 705 (1982). Objections to personal jurisdiction and service may also be waived by litigation conduct, including answering without preserving the defenses and participating in discovery. *Vax-D Med. Techs., LLC v. Tex. Spine Med. Ctr.*, 485 F.3d 593, 597 (11th Cir. 2007). Once a defendant has waived an insufficient-service objection and consented to litigate in the forum, dismissal for insufficient service is no longer available. *Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1317 (11th Cir. 1990).

## IV. ARGUMENT

### A. Plaintiff Did Not Waive the Waiver Issue.

HYHA's principal new argument is that Plaintiff waived his waiver argument by failing to assert it in the Joint Scheduling Report and in Plaintiff's motion for a protective order. Dkt. No. 136 at 5-6. That argument fails on the record.

Plaintiff expressly raised waiver in his motion to abate summary-judgment briefing, advising the Court that HYHA's decision to seek merits relief may have waived its service-based objection. Dkt. No. 94 at 2 n.1. That occurred before entry of the Quash Order. *Id.* The premise of HYHA's argument—that Plaintiff remained silent until after an adverse ruling—is therefore incorrect.

The Joint Scheduling Report did not erase Plaintiff's earlier filing. Plaintiff's participation in case scheduling also did not affirmatively withdraw the already-preserved position that HYHA's merits conduct could constitute waiver. Waiver requires an affirmative signal of abandonment; silence alone does not establish abandonment. *Hunter v. United States*, 608 U.S. 713, 723 (2026). Nor did Plaintiff forfeit the issue, because he asserted it in a timely filing before the Court ruled. HYHA's lead case involved a waiver argument first raised on appeal. *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793, 797 (7th Cir. 2026). HYHA identifies no filing in which Plaintiff withdrew, disclaimed, or abandoned the waiver issue.

The later motion for a protective order likewise did not abandon Plaintiff's position. That motion addressed whether Plaintiff should be required to answer discovery after the Court had granted HYHA's Motion to Quash. See Dkt. No. 127. Plaintiff's request to postpone responses unless and until HYHA was properly before the Court addressed the immediate discovery dispute. It did not concede that HYHA's earlier merits conduct was legally ineffective, withdraw the waiver issue already presented to the Court, or retroactively alter HYHA's conduct before entry of the Quash Order. To the contrary, the motion told the Court that HYHA "inexplicably participated substantively" through discovery the Court had not considered and reserved what would follow if "the order quashing service is reconsidered," Dkt. No. 127 at 2, 7, and the resulting order likewise contemplates reconsideration. Dkt. No. 135 ¶ 2.

HYHA's argument also confuses the timely presentation of an issue with repetition of that issue in every later filing. Plaintiff timely presented the waiver issue before the Court ruled. HYHA offers no basis for treating Plaintiff's failure to repeat it in filings directed to scheduling and discovery protection as an affirmative abandonment. HYHA itself says it declined to withdraw its discovery because it expected Plaintiff to argue waiver. Dkt. No. 136 at 4 n.4, 11; Dkt. No. 140 at 2. Plaintiff did not abandon in that motion the position HYHA says it was guarding against.

**B. HYHA's Initial Service Objection Does Not Resolve the Effect of Its Subsequent Merits Conduct.**

HYHA emphasizes that it raised its service objection at its first opportunity and consistently stated that it was preserving that objection. Dkt. No. 136 at 8-10. Plaintiff's Motion acknowledged those reservations. Dkt. No. 131 at 7-8. HYHA also concedes that "even preserved objections can be later waived by later conduct." Dkt. No. 136 at 7. Plaintiff does not contend that HYHA waived its defense by failing to raise or promptly pursue it. HYHA timely filed its Motion

to Quash. The issue is whether HYHA thereafter went beyond preserving and pursuing that threshold defense by voluntarily asking the Court to enter judgment on the merits and by invoking party discovery for its own substantive benefit. Nominal preservation does not necessarily end the conduct-waiver inquiry; courts also examine the extent of the objecting party's involvement in the litigation. *Berkeley Ventures II v. Sionic Mobile Corp.*, 2021 U.S. Dist. LEXIS 154372, at *5 (N.D. Ga. 2021); *Evans v. Leaf Fin. Corp.*, 2012 U.S. Dist. LEXIS 206632, at *12 (N.D. Ga. 2012). The question is not whether HYHA initially complied with Rule 12; it is whether HYHA's later conduct was inconsistent with remaining outside the Court's authority.

An initial Rule 12 objection and subsequent waiver by conduct are distinct questions. A defendant may timely assert a personal-jurisdiction defense yet later engage in conduct amounting to submission to the court's jurisdiction. *Mallory v. Norfolk Southern Ry.*, 600 U.S. 122, 148 (2023) (Jackson, J., concurring) ("When a defendant chooses to engage in behavior that 'amount[s] to a legal submission to the jurisdiction of the court,' the Due Process Clause poses no barrier to the court's exercise of personal jurisdiction") (*citing Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 704-05 (1982)). Personal jurisdiction is an individual right, and the Supreme Court recognizes that a defendant's actions may create legal submission to jurisdiction whether that submission is voluntary or otherwise. *Ins. Corp. of Ir.*, 456 U.S. at 705.

HYHA relies heavily on its repeated verbal reservations. Dkt. No. 136 at 8-10. But HYHA's summary-judgment motion, reply, and discovery requests contain no reservation, although HYHA knows how to include one. Dkt. Nos. 88, 102, 127-2, 127-3, 127-4; *see* Dkt. No. 136 at 1 n.1. And a reservation does not necessarily control over contrary litigation conduct. Courts assessing waiver by conduct consider both the passage of time and the extent of the defendant's participation in the litigation; more extensive participation supports a finding that the defendant impliedly consented to the court's jurisdiction. *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1225-26; *Evans v. Leaf Fin. Corp.*, 2012 U.S. Dist. LEXIS 206632, at *12 (N.D. Ga. July 10, 2012); *Rentz v. Swift Transp. Co., Inc.*, 185 F.R.D. 693, 698 (M.D. Ga. 1998) ("A defendant's conduct vis-á-vis the court, rather than its words alone, governs whether a defendant has waived its defense of insufficient service of process."). A defendant cannot simply preserve an objection indefinitely while acting as though it were subject to the Court's jurisdiction. *Am. Airlines, Inc. v. Spada*, 2024 U.S. Dist. LEXIS 98212, *11 (S.D. Fla. May 1, 2024) ("[t]he more active a defendant has been in litigating a case, the more likely it is that the defendant will be deemed to have waived

defects in personal jurisdiction") (quoting *Salinero v. Johnson & Johnson, Inc.*, 2019 U.S. Dist. LEXIS 96155, at *3 (S.D. Fla. June 7, 2019)); *Rentz*, 185 F.R.D. at 699.

The Motion rests on HYHA's affirmative conduct, not merely the passage of time. HYHA did not limit its activity to obtaining a ruling on service or defending against preliminary relief. After briefing on the Motion to Quash was complete, HYHA voluntarily filed a dispositive motion asking the Court to enter merits judgment in its favor, filed a merits reply seeking to "put an end to this case," participated in scheduling, proposed a second summary-judgment motion, and propounded merits discovery. Dkt. Nos. 88, 102, 103 at 3, 127-2, 127-3, and 127-4. Those acts present a materially different question from whether HYHA properly preserved its objection in its initial filing.

HYHA argues that waiver also requires a failure to pursue the defense. Dkt. No. 136 at 9-10. That may distinguish delay cases, but not this Motion. HYHA's own authority asks whether a defendant "gives a plaintiff a reasonable expectation that he will defend the suit on the merits." *Kangol*, 177 F.4th at 797 (quoting *Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016)). The parties there had engaged "only" in "preliminary pretrial litigation activities, such as settlement discussions." *Id.* Here, HYHA demanded a merits judgment and merits discovery.

The authorities establishing waiver when a defense is omitted from an answer do not foreclose waiver through subsequent conduct. They establish that personal-jurisdiction and service defenses are waivable individual rights—not that a timely Rule 12 objection permanently insulates all later merits activity from scrutiny. *Ins. Corp. of Ir.*, 456 U.S. at 705; *Valdez v. Feltman (In re Worldwide Web Sys.)*, 328 F.3d 1291, 1299 (11th Cir. 2003). HYHA's initial objection is relevant, but it is not dispositive of the legal effect of everything HYHA did afterward.

### C. The Scheduling Orders Did Not Compel HYHA to Seek Affirmative Merits Relief or Propound Discovery.

The Response points out that the Court had established deadlines for discovery, discovery conferences, dispositive motions, and trial. Dkt. No. 136 at 11. That does not answer Plaintiff's argument.

The scheduling orders may have established case deadlines, but HYHA identifies no order requiring it to file an early motion for summary judgment while its Motion to Quash remained undecided. The Motion for Summary Judgment was filed before any scheduling order was entered and filed nearly eight (8) months before the deadline later set by the Court. Dkt. No. 88 (filed June 29, 2026); Dkt. No. 104 at 2 (entered July 27, 2026, and setting a dispositive motion deadline of

February 24, 2027). In fact, the Joint Scheduling Report filed by the parties on July 24, 2026, reflected an even later dispositive-motion deadline of May 7, 2027. Dkt. No. 103 at 2 (Plaintiff's proposal, on which HYHA took no position); *see id.* at 3 (noting that HYHA had already moved). HYHA cannot now state that it filed its motion for Summary Judgment pursuant to any Court deadline; that was an intentional and affirmative assertion of the Court's jurisdiction to attack Plaintiff's claims on the merits, not just an attempt to seek dismissal from the case. *Cf. Jacko v. Thorn Ams., Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000) (removal-waiver context) ("Unlike a motion to dismiss for failure to state a claim, a motion for summary judgment seeks a resolution of the case on the merits of a claim and is not filed concomitantly with or in lieu of an answer"). Another district court reviewed the issue as follows:

> The Sixth Circuit has concluded that "[t]he requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly. The actions of the defendant may amount to a legal submission to the jurisdiction of the court." Gerber v. Riordan, 649 F.3d 514, 518 (6th Cir. 2011) (citing Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 905 (6th Cir. 2006)). "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." Gerber, 649 F.3d at 519 (citing Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. Of Hous. Metroplex, P.A., 623 F.3d 440, 443 (7th Cir. 2010)).
>
> Here, Defendant moves not only to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), but also (and indeed primarily) for summary judgment under Fed. R. Civ. P. 56. The latter motion is one seeking an adjudication from this Court on the merits. *Felix v. Young,* 536 F.2d 1126, 1130 (6th Cir. 1976) ("A District Judge may grant summary judgment only where the prevailing party has demonstrated as a matter of law that he is entitled to judgment on the merits."). Thus, the Court finds that Defendant has waived the right to assert the former basis. *See Boulger v. Woods*, 306 F. Supp. 3d 985, 996 (S.D. Ohio 2018) ("Parties that choose to litigate a case actively on the merits might surrender the right to object to the lack of personal jurisdiction.") (citations omitted); *Brunson v. Capitol CMG, Inc.*, No. 3:20-CV-01056, 2021 U.S. Dist. LEXIS 135857, 2021 WL 3081327, at *2 (M.D. Tenn. July 21, 2021) (Richardson, J.), motion to certify appeal denied, No. 3:20-CV-01056, 2021 U.S. Dist. LEXIS 145858, 2021 WL 3406686 (M.D. Tenn. Aug. 4, 2021) (affirming the soundness of this principle that "the Court has no power to render a merits decision if it lacks personal jurisdiction over the defendant. Therefore, by asking the Court to pass on the merits, [the defendant] voluntarily submitted to the jurisdiction of the Court").

*Corl v. Kenan Advantage Grp. Inc.*, 2022 U.S. Dist. LEXIS 109420, *10 (M.D. Tenn. June 21, 2022).

As in *Corl*, where the defendant was "asserting unconditionally" that summary judgment should be granted, HYHA's motion was unconditional; it never mentions the Motion to Quash. Dkt. No. 88. HYHA incorrectly conflates filing a motion to dismiss for failure to state a claim, with seeking a determination on the merits, a notion that the foregoing cases dispel. Dkt. No. 136 at 10. Rule 12(b) addresses joining Rule 12 defenses, not a stand-alone Rule 56 motion, and *Berne v. Beznos*, 819 So. 2d 235, 238 (Fla. Dist. Ct. App. 2002), applies Florida law that HYHA concedes is not controlling. Dkt. No. 136 at 10.

Nor did a general discovery-completion deadline compel HYHA to serve interrogatories or requests for production. HYHA admits that it propounded those interrogatories in response to positions Plaintiff took concerning the merits of patent validity and infringement in its response to the Motion for Summary Judgment. Dkt. No. 136 at 3. That account addresses only three interrogatories, not the seventeen requests for production or Interrogatories 4-6. *Id.* HYHA now calls this "merits-based discovery separate from any issue of personal jurisdiction." Dkt. No. 140 at 9. The substantive merits discovery was pursued for HYHA's litigation benefit, not an act compelled by a specific court order.

HYHA also argues that Plaintiff did not timely answer the discovery requests, so HYHA granted extensions for the discovery requests and that during the discussion of extensions prior counsel indicated an intent to withdraw. Dkt. No. 136 at 3-4. Those assertions do not bear on whether HYHA's earlier decision to invoke discovery constituted submission to the Court's authority. Plaintiff's response deadline and counsel's status may concern the resulting discovery dispute, but they do not change the character of HYHA's voluntary act in serving merits discovery while contesting the Court's authority over it. HYHA's summary-judgment motion is significant not because every merits filing necessarily waives a preserved service defense, but because HYHA voluntarily asked the Court to exercise adjudicatory authority in its favor and enter judgment disposing of Plaintiff's patent claim while its threshold objection remained unresolved. That affirmative request, considered together with HYHA's merits discovery, supports a finding of legal submission under the circumstances presented here.

**D. HYHA's Account of Its Post-Quash Conduct Does Not Resolve the Waiver Issue.**

The Response disputes Plaintiff's characterization that HYHA continued to demand discovery after entry of the Quash Order. Dkt. No. 136 at 4-5. HYHA states that it granted extensions before the Order, did not believe it had authority to withdraw discovery afterward because it was no longer a party, and feared that taking any action would be used to establish

waiver. *Id*. The email cited in the Motion predates the Quash Order, Dkt. No. 127-5; the post-Order exchange is in counsel's declaration, which attests that HYHA refused to withdraw the requests and would take no action to relieve Plaintiff of the obligation to respond, although it would not oppose a protective order's substantive relief. Dkt. No. 127-1 ¶¶ 6-7. Dkt. No. 136-1 reflects the exchange referenced.

Even accepting HYHA's explanation, it does not eliminate the conduct on which the Motion principally relies. Before entry of the Quash Order, HYHA had already filed and fully briefed a merits-based summary-judgment motion and served substantive discovery requests. Whether HYHA later believed it lacked the ability to withdraw those requests does not undo those earlier acts.

HYHA's explanation also confirms the tension identified by Plaintiff. HYHA maintains that it lacked authority to withdraw discovery because it was not a party, yet it had invoked federal discovery procedures to impose response obligations on Plaintiff while asking the Court to rule on the merits in HYHA's favor. Dkt. No. 136 at 4-5. The issue is not whether HYHA used the word "demand" after the Quash Order. The issue is whether HYHA's affirmative pre-Order conduct was consistent with remaining outside the Court's jurisdiction.

The Court need not resolve collateral disputes about extensions or counsel's communications to decide the Motion. The relevant conduct is established by the docket and the discovery requests themselves: HYHA sought merits judgment and initiated merits discovery before the Court ruled on service. See Dkt. Nos. 88, 102, 127-2, 127-3, and 127-4. Those facts warrant consideration under the rule that a defendant's conduct may amount to legal submission to jurisdiction. *Ins. Corp. of Ir.*, 456 U.S. at 705.

**E. Reconsideration Is Appropriate Because the Quash Order Did Not Decide the Effect of HYHA's Intervening Conduct.**

The Quash Order is interlocutory, so Rule 54(b) governs this Motion. Under Rule 54(b), the Court retains plenary authority to reconsider, revise, alter, or amend a nonfinal order before entry of final judgment. *Hornady*, 118 F.4th at 1379. In exercising that authority, the Court may consider the weight of the movant's arguments and the disruption that revision would cause in light of the time elapsed. *Id*. Here, Plaintiff moved eighteen days after entry of the Quash Order and asks the Court to decide a preserved issue that the Order did not address The Quash Order addressed the sufficiency of Plaintiff's efforts to locate HYHA and the resulting propriety of alternative service, but it did not decide whether HYHA's intervening conduct waived its personal

defense. Dkt. No. 125 at 4-9. Plaintiff's Motion does not merely repeat his argument that the original electronic service complied with the Court's alternative-service order. The Motion presents the separate effect of conduct occurring after HYHA filed its Motion to Quash and, in significant part, after briefing on that motion had closed.

The Response's appeal to finality does not outweigh the narrow relief requested. The Quash Order was entered on September 28, 2026, and Plaintiff moved for reconsideration on October 16, 2026. Dkt. Nos. 125 and 131. Plaintiff asks the Court to address a preserved and unresolved issue concerning HYHA's own conduct, not to reopen the entire service analysis or reformulate the underlying claim.

Because personal jurisdiction may arise through a defendant's legal submission to the Court, the effect of HYHA's affirmative request for merits adjudication and its invocation of discovery is material to the disposition of the Motion to Quash. *Ins. Corp. of Ir.*, 456 U.S. at 705. The Court should exercise its Rule 54(b) discretion to decide that issue.

## V. CONCLUSION AND PRAYER FOR RELIEF

For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Reconsider and Amend the Order Granting HYHA's Motion to Quash Service of Process, Dkt. No. 131; amend the Quash Order to find that HYHA waived its service-based personal-jurisdiction objection through its subsequent litigation conduct; and grant the further relief requested in the Motion. Dkt. No. 131 at 11.

Date: November 6, 2026

Respectfully submitted,

*/s/ William R. Brees*

William R. Brees (FL Bar No. 98886)
william@bayramoglu-legal.com
**Bayramoglu Law Offices LLC**
1540 W. Warm Springs Rd., Ste 100
Henderson, NV 89014
Tel: (702) 462-5973
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

By: */s/ William Brees*
WILLIAM BREES, ESQ.