**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-21188-BLOOM/Elfenbein**

DINGWANG JIA,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,

Defendants.
_______________________________________/

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF REQUEST FOR REASONABLE EXPENSES, INCLUDING ATTORNEY'S FEES, INCURRED IN CONNECTION WITH PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Plaintiff Dingwang Jia respectfully submits this memorandum and the accompanying Declaration of William R. Brees (the "Brees Declaration") and schedule of hourly time entries, pursuant to the Court's October 29, 2026 Order Granting Plaintiff's Motion for Protective Order, Dkt. No. 135[1] (the "Order").

The Order awarded Plaintiff the reasonable expenses, including attorney's fees, incurred in conferring regarding, preparing, and filing Plaintiff's Motion for Protective Order, Dkt. No. 127 (the "Motion"). Dkt. No. 135 at 2. Plaintiff requests an award of $7,646.00, consisting of $7,646.00 in attorney's fees for 11.8 hours of work and $0.00 in out-of-pocket costs or expenses.

## I. PROCEDURAL BACKGROUND

Defendant Yiwu Size E-Commerce Co., Ltd. d/b/a HYHA ("HYHA") served Plaintiff with its First Set of Requests for Production and First Set of Interrogatories on August 11, 2026,

[1] Plaintiff submits this memorandum in compliance with Dkt. No. 135 ¶ 7. HYHA's Motion to Reconsider and Set Aside Fee Award (Dkt. No. 140) is pending; Plaintiff will respond to it separately and does not waive any argument by this submission.

followed by its Second Set of Interrogatories on August 24, 2026 (collectively the "Discovery Requests"). Dkt. No. 127-2, 127-3, and 127-4. At the time the Discovery Requests were served, HYHA's motion to quash service of process was pending and was later granted by this Court on September 28, 2026. Dkt. Nos. 68 and 125.

Plaintiff requested that HYHA withdraw its discovery requests or extend the deadline for Plaintiff's responses. Dkt. No. 127-1 at ¶ 5. HYHA declined both requests. Dkt. No. 127-1 at ¶¶ 5-6. On October 9, 2026, counsel participated in a videoconference to confer regarding the dispute. Dkt. No. 127-1 at ¶ 7. During that conference, HYHA's counsel stated that HYHA would not take action to relieve Plaintiff of the asserted obligation to respond to the discovery requests, although HYHA would not oppose the substantive relief sought through a motion for protective order. HYHA's counsel did not agree that HYHA would refrain from opposing an associated request for attorney's fees and expenses. Brees Decl. ¶¶ 7–11, 127-1 ¶ 5.

Because October 9, 2026, was the applicable discovery-response deadline, Plaintiff filed the Motion that day to avoid any contention that Plaintiff had failed to respond, waived objections, or become subject to discovery sanctions. Dkt. No. 127-1 at ¶ 8. The Motion requested an order relieving Plaintiff of any obligation to answer, object to, or produce documents in response to HYHA's discovery requests unless and until HYHA was properly served and brought within the Court's jurisdiction or the Court otherwise ordered. Brees Decl. ¶ 5.

On October 29, 2026, the Court granted the Motion and awarded Plaintiff the reasonable expenses, including attorney's fees, incurred in conferring regarding, preparing, and filing the Motion. The Court directed Plaintiff to submit a declaration and supporting materials establishing the amount of those expenses by November 9, 2026. Brees Decl. ¶¶ 3–4.

Plaintiff timely submits the Brees Declaration, the supporting schedule of hourly time entries, and this memorandum to establish the amount and reasonableness of the requested award.

## II. BASIS FOR THE REQUESTED AWARD

Federal Rule of Civil Procedure 26(c)(3) makes the expense-award provisions of Rule 37(a)(5) applicable to motions for protective orders. *Gossard v. JP Morgan Chase & Co.*, 389 Fed. Appx. 936, 940 (11th Cir. 2010). The Court has already determined that Plaintiff is entitled to recover the reasonable expenses, including attorney's fees, incurred in conferring regarding, preparing, and filing the Motion. Accordingly, the remaining issue is the reasonable amount of that award.

The starting point for calculating a reasonable fee is the lodestar, which is the product of the number of hours reasonably expended and a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services performed by professionals with reasonably comparable skill, experience, and reputation. *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The Court may also rely on its own knowledge and experience in determining reasonable rates and fees. *Norman*, 836 F.2d at 1303.

The requested award applies that method directly. Plaintiff seeks compensation only for time reasonably devoted to the specific activities authorized by the Order: conferring regarding, preparing, and filing the Motion. Plaintiff does not request an enhancement or multiplier.

## III. HOURS REASONABLY EXPENDED

Plaintiff seeks compensation for 11.8 hours reasonably incurred in connection with the Motion. The supporting schedule identifies the dates of service, the professionals who performed the work, narrative descriptions of the services, the time expended, the applicable hourly rates, and the resulting fees. Brees Decl. ¶¶ 24, 28, 37, 39.

The compensable work included:

1. Reviewing HYHA's discovery requests, the applicable response deadlines, relevant docket filings, and the procedural circumstances surrounding HYHA's participation in the action;
2. Communicating with Plaintiff regarding the discovery requests, the asserted response obligations, and the need for protective relief;
3. Communicating and conferring with HYHA's counsel, including requesting withdrawal of the discovery requests or an extension of the response deadline and participating in the October 9, 2026 videoconference;
4. Organizing the relevant procedural history, analyzing the basis for protective relief, and preparing the Motion;
5. Preparing the declaration supporting the Motion;
6. Identifying, preparing, and reviewing the supporting exhibits;
7. Reviewing and revising the Motion, declaration, and exhibits for factual accuracy, consistency, completeness, and compliance with filing requirements; and
8. Finalizing, filing, and serving the Motion and its supporting materials before the discovery-response deadline.

Brees Decl. ¶¶ 16–23.

Each category was directly related to the Motion and reasonably necessary to obtain the relief the Court ultimately granted. The review of the discovery requests, deadlines, and docket was necessary to identify the asserted obligations and accurately describe the procedural posture. Communications with Plaintiff were necessary to provide advice, obtain relevant information, and secure instructions. Communications with HYHA's counsel were necessary to attempt to resolve or narrow the dispute before seeking judicial intervention.

Preparation of the Motion, declaration, and exhibits was necessary to place the relevant facts and requested relief before the Court. Review and revision were necessary to ensure an accurate, complete, and internally consistent filing. Finalization, filing, and service were necessary to submit the Motion before the applicable discovery-response deadline.

The requested hours are supported by the firm's time-entry records, which were maintained in the ordinary course of business and contain separate narrative descriptions of the tasks

performed. Brees Decl. ¶¶ 24, 28. Detailed time records permit the Court to evaluate whether the claimed services and hours were reasonable. *In re Britt*, 551 B.R. 522, 524 (Bankr. N.D. Fla. 2016).

Counsel reviewed the entries for reasonableness and exercised billing judgment in determining the time included in the request. Brees Decl. ¶ 25. Plaintiff excluded time that was duplicative, excessive, unrelated to the Motion, clerical in nature, or otherwise not properly recoverable. Brees Decl. ¶¶ 26, 38. This approach is consistent with the requirement that a fee applicant make a good-faith effort to exclude excessive, redundant, or otherwise unnecessary hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Billing judgment requires excluding hours that would be unreasonable to bill to a client and, therefore, unreasonable to charge to an opposing party. *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

The participation of multiple professionals does not make the requested time duplicative. Work by more than one attorney is compensable when each professional makes a distinct contribution rather than unreasonably performing the same work. *ACLU v. Barnes,* 168 F.3d 423, 432 (11th Cir. 1999). Here, the work was allocated among the attorneys and paralegals according to their respective experience, roles, and responsibilities. Where practicable, tasks were assigned to the professional capable of performing them efficiently. Brees Decl. ¶¶ 27, 29. The total request of 11.8 hours for the conference, Motion, declaration, exhibits, review, filing, and service reflects a limited and efficient use of professional time.

## IV. HOURLY RATES

The timekeepers and hourly rates reflected in the supporting schedule are:

| Timekeeper | Role | Hourly Rate |
|---|---|---|
| William R. Brees | Lead Attorney | $695.00 |
| Gokalp Bayramoglu | Managing Partner | $695.00 |

| Timekeeper | Role | Hourly Rate |
|---|---|---|
| Robert Aycock | Senior Attorney | $695.00 |
| Reid Clibbens | Paralegal | $325.00 |

Brees Decl. ¶¶ 30–31.

The requested rates are the rates customarily charged by Bayramoglu Law Offices, LLC for comparable professional services and are fees agreed with Plaintiff for work on this case. Brees Decl. ¶ 30. They also reflect the professionals' respective positions, experience, responsibilities, and the nature of the work performed. The hourly rates requested for attorney hours are close to the median hourly rates for intellectual property attorneys in large markets, similar to Miami, Florida. Brees Decl. ¶¶ 40-41, **Exhibit B**.

The attorney work required counsel to analyze the procedural posture, evaluate Plaintiff's discovery obligations, confer with opposing counsel, formulate the requested protective relief, and prepare and review the Motion and supporting materials under an immediate response deadline. The paralegal work was billed at a materially lower rate and was allocated to appropriate supporting tasks. This allocation reduced the amount that would have resulted had all compensable work been performed at an attorney rate.

The Court may evaluate the requested rates based on the evidence submitted, its knowledge of comparable legal services in the relevant community, and its own experience concerning reasonable and proper fees. *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988), *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). The requested rates, together with the limited number of hours claimed and the allocation of appropriate work to paralegals, produce a reasonable fee for the work required to obtain the protective order.

## V. LODESTAR CALCULATION AND TOTAL FEES REQUESTED

The 11.8 compensable hours consist of 10.3 attorney hours billed at $695.00 per hour and 1.5 paralegal hours billed at $325.00 per hour. The lodestar calculation is:

| Rate Category | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Attorneys | 10.3 | $695.00 | $7,158.50 |
| Paralegals | 1.5 | $325.00 | $487.50 |
| **Total** | **11.8** | | **$7,464.00** |

The calculation is straightforward:

1. 10.3 attorney hours multiplied by $695.00 per hour equals $7,158.50.
2. 1.5 paralegal hours multiplied by $325.00 per hour equals $487.50.
3. $7,158.50 plus $487.50 equals $7,464.00.

The individual time entries, applicable rates, and resulting amounts are set forth in the supporting schedule. Brees Decl. ¶ 39. The requested award does not include unrelated work, duplicative work, excessive time, clerical activity, a multiplier, or any amount included in another fee application. Brees Decl. ¶¶ 26, 36, 38.

The resulting lodestar is presumptively sufficient, and Plaintiff does not seek any enhancement. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). The amount requested also corresponds to the complete relief obtained through the Motion: the Court granted Plaintiff's request for a protective order and expressly awarded the expenses incurred in conferring regarding, preparing, and filing it.

## VI. REASONABLENESS OF THE REQUESTED FEES

The requested fee of $7,646.00 is reasonable because it is supported by detailed time entries, reflects billing judgment, uses role-appropriate rates, and is confined to work directly connected to the Motion.

First, the supporting schedule provides the information necessary to assess the request, including the professional performing each service, the date, a narrative description, the hours expended, the rate, and the resulting fee. The records therefore allow the Court to evaluate both the nature of the work and the reasonableness of the time claimed.

Second, counsel reviewed the entries for reasonableness and excluded time that was unrelated, duplicative, excessive, clerical, or otherwise not properly recoverable. Brees Decl. ¶¶ 25–26, 38. Purely clerical or secretarial tasks are not compensable as attorney's fees, regardless of who performs them, and Plaintiff has not included such work in the request. *Sabal Trail Transmission, LLC v. 18.27 Acres of Land in Levy Cty.*, 538 F. Supp. 3d 1243, 1270 (N.D. Fla. 2021).

Third, the request reflects efficient staffing. Attorney work was billed at $695.00 per hour, while appropriate supporting work was billed at the lower paralegal rate of $325.00 per hour. The resulting blended rate is approximately $647.97 per hour, below the attorney rate that would have applied had counsel performed all compensable services.

Fourth, the 11.8 hours claimed are proportionate to the work required. Counsel had to review multiple discovery requests and the relevant procedural history; assess the applicable response obligations and deadlines; communicate with Plaintiff; attempt to resolve the matter with HYHA's counsel; participate in the required conference; prepare the Motion, supporting declaration, and exhibits; review the materials for accuracy and consistency; and complete filing and service before the response deadline. The request is limited to that work.

Finally, the requested fees bear a direct relationship to the result obtained. Plaintiff received the protective relief requested, and the Court expressly determined that Plaintiff should recover the reasonable expenses incurred in conferring regarding, preparing, and filing the Motion. The requested amount therefore compensates only the work necessary to obtain the relief awarded.

## VII. COSTS AND EXPENSES

Plaintiff incurred no out-of-pocket costs or expenses for which reimbursement is sought in connection with the Motion. Brees Decl. ¶ 34. Accordingly, Plaintiff requests $0.00 in costs, and the entire requested award consists of attorney's fees.

## VIII. CONCLUSION

Plaintiff has established that counsel and supporting professionals reasonably expended 11.8 hours conferring regarding, preparing, and filing the Motion. Applying the hourly rates reflected in the Brees Declaration and supporting schedule results in a lodestar of $7,646.00, consisting of $7,158.50 for 10.3 attorney hours and $487.50 for 1.5 paralegal hours.

WHEREFORE, Plaintiff Dingwang Jia respectfully requests that the Court award Plaintiff reasonable expenses, including attorney's fees, in the total amount of $7,646.00, consisting of $7,646.00 in attorney's fees and $0.00 in costs, or such other amount as the Court determines to be reasonable.

Date: November 9, 2026

Respectfully submitted,

*/s/ William R. Brees*

William R. Brees (FL Bar No. 98886)
william@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES, LLC**
1540 W. Warm Springs Rd., Ste. 100
Henderson, NV 89014
Tel: (702) 462-5973
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 9, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

By: *[/s/ William Brees]*
WILLIAM BREES, ESQ.