**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-21188-BLOOM/Elfenbein**

DINGWANG JIA,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,

Defendants.
_______________________________________/

**DECLARATION OF WILLIAM R. BREES IN SUPPORT OF PLAINTIFF'S REQUEST FOR REASONABLE EXPENSES, INCLUDING ATTORNEY'S FEES, INCURRED IN CONNECTION WITH PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

I, WILLIAM R. BREES, declare as follows:

1. I am an attorney with Bayramoglu Law Offices, LLC and counsel for Plaintiff Dingwang Jia in this action. I am over eighteen years of age and competent to make this declaration. I make this declaration based on my personal knowledge, my review of the firm's billing and expense records, and my participation in the matters described below. If called as a witness, I could and would testify competently to the facts stated herein.

2. I submit this declaration in support of Plaintiff's request for reasonable expenses, including attorney's fees, incurred in conferring regarding, preparing, and filing Plaintiff's Motion for Protective Order, filed at Dkt. No. 127 (the "Motion").

3. On October 29, 2026, the Court entered its Order Granting Plaintiff's Motion for Protective Order at Dkt. No. 135 (the "Order"). The Order awarded Plaintiff reasonable expenses, including attorney's fees, incurred in conferring, preparing, and filing the Motion.

4. The Order directed Plaintiff to file a declaration and supporting materials establishing the amount of reasonable expenses and attorney's fees by November 9, 2026.

5. The Motion sought a protective order relieving Plaintiff from any obligation to answer, object to, or produce documents in response to discovery requests propounded by Defendant Yiwu Size E-Commerce Co., Ltd. d/b/a HYHA ("HYHA"), unless and until HYHA was properly served and brought within the Court's jurisdiction or the Court otherwise ordered.

6. The discovery requests at issue consisted of HYHA's First Set of Requests for Production, served on August 11, 2026; HYHA's First Set of Interrogatories, served on August 11, 2026; and HYHA's Second Set of Interrogatories, served on August 24, 2026.

7. Before filing the Motion, Plaintiff requested that HYHA withdraw the discovery requests or extend the deadline for Plaintiff's responses.

8. HYHA refused Plaintiff's request to withdraw the discovery requests and refused to extend the response deadline.

9. On October 9, 2026, I participated in a videoconference with counsel for HYHA to confer regarding the issues addressed in the Motion.

10. During the October 9, 2026 videoconference, counsel for HYHA stated that HYHA would not take action to relieve Plaintiff of the obligation to respond to the discovery requests, but that HYHA would not oppose the substantive relief requested in a motion for protective order.

11. Following the videoconference, counsel for HYHA did not agree that HYHA would not oppose Plaintiff's request for attorney's fees and expenses.

12. Plaintiff filed the Motion on October 9, 2026, the same day as the applicable response deadline, to avoid any contention that Plaintiff had failed to respond, waived objections, or become subject to discovery sanctions.

13. The work for which Plaintiff seeks compensation was performed in connection with the conference with HYHA's counsel, the preparation of the Motion and its supporting declaration and exhibits, and the filing and service of those materials.

14. The work performed was reasonably necessary to address the discovery-response deadlines and the uncertainty created by HYHA's position concerning Plaintiff's obligation to respond to discovery while HYHA maintained that it had not been properly served and was not presently before the Court.

15. The services performed were related to and caused by the issues presented in the Motion. Plaintiff does not seek compensation for unrelated work.

16. The first category of work consisted of reviewing HYHA's discovery requests, the applicable response deadlines, the relevant docket filings, and the procedural circumstances surrounding HYHA's participation in this action. This review was performed to identify the discovery obligations asserted against Plaintiff, determine the scope and timing of the relief required, and prepare the Motion accurately.

17. The second category of work consisted of communications with Plaintiff concerning HYHA's discovery requests and the need for protective relief. These communications were performed to advise Plaintiff regarding the asserted response obligations, obtain information needed to prepare the Motion, and obtain instructions concerning the relief requested (Not included in requested fee award).

18. The third category of work consisted of communications and the required conference with counsel for HYHA. This work included requesting withdrawal of the discovery requests or an extension of the response deadline, addressing the parties' respective positions, participating in the October 9, 2026 videoconference, and determining whether HYHA would

oppose the requested relief or the associated request for expenses (Not included in requested fee award).

19. The fourth category of work consisted of factual and legal preparation of the Motion, including organizing the relevant procedural history, identifying the discovery requests and deadlines at issue, analyzing the basis for protective relief, explaining why immediate relief was necessary, and formulating the requested relief.

20. The fifth category of work consisted of preparing the declaration submitted in support of the Motion. The declaration addressed the discovery requests, the parties' communications, the October 9, 2026 conference, and the circumstances necessitating the Motion.

21. The sixth category of work consisted of identifying, preparing, and reviewing the exhibits supporting the Motion. The exhibits provided the Court with the underlying discovery requests and communications relevant to the Motion.

22. The seventh category of work consisted of reviewing and revising the Motion, supporting declaration, and exhibits to ensure that the filing accurately described the facts, consistently presented the requested relief, complied with applicable filing requirements, and did not contain avoidable factual or clerical errors.

23. The eighth category of work consisted of finalizing, filing, and serving the Motion and its supporting materials. This work was performed to submit the request for relief before the discovery-response deadline and to complete the filing and service of the materials. (The filing time is not included in the requested fee award as it is classified as clerical work).

24. The time entries supporting Plaintiff's request are maintained in the ordinary course of Bayramoglu Law Offices, LLC's business. The entries identify the date of service, the attorney or professional who performed the work, the nature of the service performed, and the time spent.

25. I have reviewed the time entries included in **Exhibit A** for reasonableness and have exercised billing judgment in determining the time included in Plaintiff's request. The time claimed is limited to time reasonably devoted to conferring regarding, preparing, and filing the Motion.

26. Plaintiff does not seek compensation for time that was duplicative, excessive, unrelated to the Motion, clerical in nature, or otherwise not properly recoverable.

27. The work was allocated among the attorneys and other professionals involved according to their respective experience, roles, and responsibilities. Where practicable, tasks were assigned to the professional capable of performing them efficiently, and the time recorded reflects the actual work performed.

28. A true and correct copy of the schedule of time entries and expense information supporting Plaintiff's request is attached as **Exhibit A**.

29. The attorneys and other professionals whose time is included in **Exhibit A** performed work appropriate to their respective experience, roles, and responsibilities.

30. The hourly rates used for the professionals whose time is included in **Exhibit A** are the rates customarily charged by Bayramoglu Law Offices, LLC for comparable services and are fees agreed with Plaintiff for work on this case.

31. The applicable hourly rates are as follows:

a. William R. Brees, Senior Attorney, eleven (11) years of experience as an intellectual property attorney: $695.00 per hour;

b. Gokalp Bayramoglu, Senior Attorney, Managing Member, seventeen (17) years of experience as an intellectual property attorney : $695.00 per hour;

c. Robert Aycock, Senior Attorney, twenty-six (26) years of experience as an intellectual property attorney: $695.00 per hour;

d. Reid Clibens, Paralegal, : $325.00 per hour.

32. The total time incurred in conferring regarding, preparing, and filing the Motion was 11.8 hours.

33. The total attorney's fees incurred for that work are $7,646.00.

34. Plaintiff incurred $0.00 in reasonable out-of-pocket costs and expenses in connection with conferring regarding, preparing, and filing the Motion.

35. The total amount of reasonable expenses, including attorney's fees and costs, for which Plaintiff seeks an award is $7,646.00.

36. The fees and expenses identified in this declaration were incurred by Plaintiff in connection with the Motion and have not been included in any other fee application or request for reimbursement in this action.

37. The time entries and expense information attached as **Exhibit A** accurately reflect the time and expenses included in Plaintiff's request based on the firm's billing and expense records.

38. Plaintiff seeks compensation only for work reasonably necessary to confer regarding, prepare, and file the Motion. Plaintiff does not seek compensation for unrelated, duplicative, excessive, or clerical work.

39. The individual time entries, applicable hourly rates, and resulting amounts are set forth in **Exhibit A**. The total amount requested is calculated from the reasonable hours reflected in the time entries and the applicable hourly rates.

40. In connection with preparing this declaration, I consulted the American Intellectual Property Law Association Report of the Economic Survey for the year 2025 ("2025 AIPLA Survey"), representing rates from calendar year 2024 (the most recent AIPLA Survey data available). The relevant portions (tables) of the AIPLA Survey is attached hereto as **Exhibit B**. Among other things, the AIPLA Survey includes listings of hourly rates for partner-level attorneys in private practice broken down by years of experience and geographic area. Table I-35. Though not definitively certain, it appears those attorneys with "Academic Backgrounds" which are outside traditional hard sciences (i.e. "Social Sciences" and "Other"), are likely trial advocates that don't have technical degrees yet are experienced in trying IP cases, while other areas of technical expertise may be related to prosecution work. Reviewing similar markets to Miami, Florida, the range of hourly rates in Chicago, Illinois is $430 to $830 per hour (25th and 75th quartiles), the Range for Washington D.C. Metro is $430 to $980, and the range for New York City Metro is $450 to $830 (25th and 75th quartiles). Notably, the economic report also reflects data from two years ago, and thus market rates are presently higher.

41. The hourly rates requested for attorney hours included in **Exhibit A**, are close to the median hourly rates for similar large markets as evidenced by **Exhibit B.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 9, 2026, at St. Petersburg, Florida.

*/s/ William R. Brees*
William R. Brees (FL Bar No. 98886)